Thomas N. Millikan, Bar No. 234430
TMillikan@perkinscoie.com
Joseph P. Reid, Bar No. 211082
JReid@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA  92130-2080
Telephone:  858.720.5700
Facsimile:  858.720.5799

Andrew N. Klein, Bar No. 300221
AKlein@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
Telephone:  650.838.4300
Facsimile:  650.838.4350

*Attorneys for Plaintiff*
Netskope, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETSKOPE, INC.,<br><br>                    Plaintiff,<br><br>       v.<br><br>K.MIZRA LLC,<br><br>                    Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,234,705**<br><br>**JURY TRIAL DEMANDED** |

This is an action for a declaratory judgement that Plaintiff Netskope, Inc. ("Plaintiff" or "Netskope") does not infringe U.S. Patent No. 8,234,705 (the "'705 Patent," attached as Exhibit 1), which has been ostensibly assigned to K.Mizra LLC ("K.Mizra"). In support of this action, Netskope, by and through its attorneys, alleges as follows:

## BACKGROUND

### I. K.Mizra Is a Non-Practicing Entity That Makes Money By Threatening Innovators With Baseless Patent Infringement Claims.

1. K.Mizra is a non-practicing entity that neither innovates, makes, nor sells products.

2. Instead, its business model is to purchase patents with limited commercial value, then threaten innovative companies with patent litigation to extract royalties.[1]

3. For example, since its founding in 2019, K.Mizra has acquired around 130 U.S. patents from companies such as Intel, IBM, Rambus, and Sharp, as well as research institutes.[2]

4. K.Mizra uses those patents to deploy an aggressive enforcement strategy—one in which it is "very proactive" and "currently engaged in patent litigation in the US and Europe."[3]

5. As evidence of its aggressive enforcement strategy, K.Mizra has sued at least 21 companies for patent infringement in district court since its inception six years ago.

6. K.Mizra's CEO has openly acknowledged K.Mizra's litigation-driven approach, stating that "[i]n order to get a party to take a license, it often requires litigation so you need litigation-grade patents."[4]

7. K.Mizra has been particularly aggressive in suing innovators over one particular patent: the twenty-year-old '705 Patent.

8. Over the years, K.Mizra has sued at least six companies for allegedly infringing the '705 Patent.

---

[1] *See* https://kmizra.com/who-we-are (last visited April 17, 2025), attached as Exhibit 2.
[2] *See* https://www.iam-media.com/article/meet-kmizra-the-npe-seasoned-ceo-the-helm (last visited April 17, 2025), attached as Exhibit 3.
[3] *See* https://kmizra.com/who-we-are (last visited April 17, 2025), attached as Exhibit 2.
[4] *See* https://www.iam-media.com/article/meet-kmizra-the-npe-seasoned-ceo-the-helm (last visited April 17, 2025), attached as Exhibit 3.

9. K.Mizra has recently turned its sights toward Netskope, an innovative cloud security services provider.

## II. Netskope's Innovation in Cloud Security Has Made It a Market Leader Since 2012.

10. Netskope has been an innovator in cloud security services since the company's inception in 2012.

11. While conventional network security devices (e.g., firewalls) existed at that time, those devices had become antiquated and were ill-suited as more applications and services moved to the cloud.

12. Recognizing this growing and unfulfilled market, Netskope worked to develop a comprehensive, homegrown computer security platform that would help businesses manage and secure their applications and services as they migrated to the cloud.

13. Netskope successfully released its first product in 2013 and has continued to innovate ever since. Today, Netskope's homegrown security platform offers a vast range of innovative services, from real-time analytics to access security measures.

14. The quality of Netskope's security platform is evidence by its large customer base—over 2,400 organizations, including more than 25 of the Fortune 100, rely on it.

15. The industry has praised Netskope and its visionary products for their excellence. For example, Netskope has been recognized by Forbes on its list of the top 100 private cloud companies and Gartner in its Magic Quadrant reports.

16. Netskope's products have received numerous industry awards, including:

    a. IDC named Netskope a Leader in the IDC MarketScape: Worldwide Zero Trust Network Access 2023 assessment;

    b. Forrester Research, Inc. named Netskope a leader in security service edge solutions in The Forrester Wave™: Security Service Edge Solutions, Q1 2024 report;

    c. SC Europe Awards recognized Netskope SASE as the winner of Best Cloud Security Solution;

      d.      Business Intelligence Group recognized Netskope in the Data Protection—Enterprise category for the 2020 Fortress Cyber Security Awards;

      e.      Cyber Defense Magazine named Netskope a winner of two 2020 InfoSec Awards, including a win in the category of Data Loss Prevention;

      f.      The Cybersecurity Excellence Award was awarded to Netskope in the Data Leakage Prevention category;

      g.      Security Products selected Netskope's Cloud DLP services as the Product of the Year; and

      h.      CRN selected Netskope's Threat Protection Services as the Overall Winner for Product of the Year.

### III. After Threatening Other Cloud Security Companies with the '705 Patent, K.Mizra Has Turned Its Sights Toward Netskope.

17. Over the last several years, K.Mizra has filed lawsuit after lawsuit against major cloud security and technology companies, alleging that they infringe the '705 Patent.[5]

18. K.Mizra has now turned its sights toward Netskope.

19. On March 25, 2025, K.Mizra sent Netskope a letter threatening it with patent infringement.

20. K.Mizra's letter claimed that Netskope's NetskopeOne Zero Trust Access ("ZTNA") "meets all the limitations of several of the '705 Patent's claims."

21. Despite its broad accusations, K.Mizra's letter included only a single claim chart covering only one claim of the '705 Patent (claim 19).

22. Netskope's innovative ZTNA does not and has not infringed claim 19 of the '705 Patent for at least the reasons provided below.

---

[5] *See K.Mizra LLC v. Cisco Sys., Inc.*, No. 6:20-cv-01031 (W.D. Tex. Nov. 6, 2020), *K.Mizra LLC v. Fortinet, Inc.*, No. 2:21-cv-00249 (E.D. Tex. Jul. 8, 2021), *K.Mizra LLC v. Forescout Techs., Inc.*, No. 2:21-cv-00248 (E.D. Tex. Jul. 8, 2021), *K.Mizra LLC v. Hewlett Packard Enter. Co. et al*, No. 2:21-cv-00305 (E.D. Tex. Aug. 9, 2021), *K.Mizra LLC v. SonicWall Inc.*, No. 1:25-cv-00047 (D. Del. Jan. 10, 2025), *K.Mizra LLC v. Google LLC*, No. 1:25-cv-00236 (W.D. Tex. Feb. 18, 2025), *K.Mizra LLC v. Citrix Sys., Inc. et al*, No. 0:25-cv-60803 (S.D. Fla. Apr. 24, 2025).

23. Given K.Mizra's threats of infringement against Netskope and K.Mizra's pattern of suing other companies for allegedly infringing the '705 Patent, Netskope is under reasonable apprehension of a suit in district court by K.Mizra.

24. The facts and allegations herein show there is a real, immediate, and justiciable controversy. A judicial declaration is necessary to determine the respective rights of the parties regarding the '705 Patent and whether Netskope's ZTNA infringes any claim of the '705 Patent, either literally or under the doctrine of equivalents. Netskope accordingly seeks a judicial declaration that it does not infringe any claim of the '705 Patent, literally or under the doctrine of equivalents.

## PARTIES

25. Netskope, Inc. is a Delaware corporation with its principal place of business at 2445 Augustine Drive, Suite 301, Santa Clara, California 95054.

26. On information and belief, K.Mizra is a Delaware limited liability company with its principal place of business at 777 Brickell Avenue, #500-96031, Miami, Florida 33131.

## JURISDICTION AND VENUE

27. This is an action for a declaration under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, that neither Netskope nor its products infringe any claim of the '705 Patent under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

28. This Court has subject matter jurisdiction over the claims alleged in this action under 28 U.S.C. §§ 1331 and 1338(a) because this Court has exclusive jurisdiction over declaratory judgment claims arising under the patent laws of the United States. *See* 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

29. This Court has personal jurisdiction over K.Mizra at least because K.Mizra has established minimum contacts with this forum such that the exercise of jurisdiction over K.Mizra will not offend traditional notions of fair play and substantial justice. For example, K.Mizra threatened Netskope—a resident of California and this District—with patent infringement when it sent its March 25, 2025 letter to Netskope's Santa Clara, California address. Further, K.Mizra has repeatedly directed patent enforcement and licensing activities toward companies based in this

District—including, e.g., Google[6], Cisco[7], Epson America[8], Forescout[9], HP[10], Broadcom[11], Fortinet[12], and SonicWall[13]. Upon information and belief, K.Mizra's licensing and enforcement activities have included numerous licensing communications sent to companies located in California, such as Broadcom, Epson America, Forescout, and HP, and license agreements with several California companies, including Cisco, Forescout, HP, and SonicWall. Finally, K.Mizra has acted as a plaintiff in California, voluntarily subjecting itself to personal jurisdiction in this forum. *See, e.g., K.Mizra LLC v. Epson Am., Inc. et al*, No. 8:25-cv-00027 (C.D. Cal. Jan. 7, 2025). Because of its continuous and systematic contacts within the State of California and this District, K.Mizra has purposefully directed its actions at California and/or purposefully availed itself of the privilege of conducting activities in California, thereby subjecting itself to personal jurisdiction in this District.

30.  Venue in this District is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) at least because K.Mizra is subject to personal jurisdiction in this District, a substantial part of the events or omissions giving rise to the claims occurred in this District, and K.Mizra purposefully directed activities to this District. On information and belief, the named inventors of the '705 Patent, James Roskind and Aaron Emigh, who likely have information relevant to the '705 Patent, also reside within this District.[14]

---

[6] Complaint for Patent Infringement, ¶ 11 ("Google is a corporation…with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043."), *K.Mizra LLC v. Google LLC*, No. 1:25-cv-00236 (W.D. Tex. Feb. 18, 2025).
[7] Complaint for Patent Infringement, ¶ 6 ("Defendant Cisco is a California Corporation."), *K.Mizra LLC v. Cisco Sys., Inc.*, No. 6:20-cv-01031 (W.D. Tex. Nov. 6, 2020).
[8] *K. Mizra LLC v. Epson Am., Inc.*, No. 8:25-cv-00027 (C.D. Cal. Jan. 1, 2025).
[9] *K.Mizra LLC v. Forescout Technologies, Inc.*, No. 2:21-cv-00248 (E.D. Tex. Jul. 8, 2021).
[10] *K.Mizra LLC v. HP Inc.*, No. 2:21-cv-00226 (E.D. Tex. Jun. 22, 2021).
[11] *K.Mizra LLC v. Broadcom Inc.*, No. 2-21-cv-00247 (E.D. Tex. Jul. 8, 2021).
[12] *K.Mizra LLC v. Fortinet, Inc.*, No. 2:21-cv-00249 (E.D. Tex. Jul. 8, 2021).
[13] Complaint for Patent Infringement, ¶ 9 ("SonicWall is a corporation…with a principal place of business at 1033 McCarthy Boulevard, Milpitas, California 95035."), *K.Mizra LLC v. SonicWall Inc.*, No. 1:25-cv-00047 (D. Del. Jan. 10, 2025).
[14] *See* Jim Roskind LinkedIn (*available at* https://www.linkedin.com/in/jim-roskind-19520/) (last visited April 17, 2025), attached as Exhibit 4; Aaron Emigh LinkedIn (*available at* https://www.linkedin.com/in/aaronemigh/) (last visited April 17, 2025), attached as Exhibit 5.

31. An actual and justiciable controversy exists under 28 U.S.C. §§ 2201-2202 between Netskope and K.Mizra as to whether the '705 Patent is infringed by Netskope's ZTNA.

### INTRADISTRICT ASSIGNMENT

32. Pursuant to Civil L.R. 3-2(c), 3-5(b), and General Order No. 44, this is an intellectual property action subject to assignment on a district-wide basis.

### FIRST CLAIM FOR RELIEF

### (Declaratory Judgment that Netskope Does Not Infringe the '705 Patent)

33. Netskope repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

34. K.Mizra has alleged and continues to allege that Netskope infringes the '705 Patent, which relates to "[c]ontagion isolation and inoculation." '705 Patent at Abstract.

35. Netskope, including Netskope's ZTNA, does not directly or indirectly infringe any claim of the '705 Patent, literally or under the doctrine of equivalents, including at least "wherein the valid digitally signed attestation of cleanliness includes at least one of an attestation that the trusted computing base has ascertained that the first host is not infested, and an attestation that the trusted computing base has ascertained the presence of a patch or a patch level associated with a software component on the first host." '705 Patent at Claims 1, 12, 19. As a non-limiting example, Netskope's ZTNA is used during device identification and enrollment and does not provide a "digitally signed attestation of cleanliness."

36. No third party infringes any claim of the '705 Patent by using Netskope's ZTNA. Netskope has not caused, directed, requested, or facilitated any such infringement, much less with specific intent to do so. Netskope's ZTNA is not designed for use in any combination that infringes any claim of the '705 Patent. To the contrary, it has substantial uses that do not infringe any claim of the '705 Patent.

37. Declaratory relief is necessary and appropriate so that Netskope may ascertain its rights regarding the '705 Patent.

38. In view of the facts and allegations set forth above, there is an actual, justifiable, substantial, and immediate controversy between Netskope and K.Mizra on whether Netskope infringes any claim of the '705 Patent.

39. For the reasons set forth above, Netskope respectfully requests that this Court declare that Netskope does not directly or indirectly infringe, nor has it directly or indirectly infringed, any claim of the '705 Patent, either literally or under the doctrine of equivalents.

**PRAYER FOR RELIEF**

Netskope respectfully requests the following relief:

A. That the Court enter a judgment declaring that Netskope has not infringed and does not infringe, directly or indirectly, literally or by equivalents, any claim of the '705 Patent;

B. That the Court declare that this case is exceptional under 35 U.S.C. § 285 and award Netskope its attorneys' fees, costs, and expenses incurred in this action;

C. That the Court award Netskope any and all other relief to which Netskope may show itself to be entitled; and

D. That the Court award Netskope any other relief as the Court may deem just, equitable, and proper.

**JURY DEMAND**

Netskope hereby demands a jury trial on all issues and claims so triable.

DATED: June 6, 2025                                  PERKINS COIE LLP

By: /s/ *Thomas N. Millikan*
    Thomas N. Millikan, Bar No. 234430
    TMillikan@perkinscoie.com
    Joseph P. Reid, Bar No. 211082
    JReid@perkinscoie.com
    Andrew N. Klein, Bar No. 300221
    AKlein@perkinscoie.com

    Attorneys for Plaintiff
    Netskope, Inc.