Robert R. Brunelli (admitted *pro hac vice*)
Brian Boerman (admitted *pro hac vice*)
SHERIDAN ROSS PC
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone: (303) 863-2961
Facsimile: (303) 863-0223
rbrunelli@sheridanross.com
bboerman@sheridanross.com
litigation@sheridanross.com

Denise M. De Mory (SBN 168076)
Michael Flynn-O'Brien (SBN 291301)
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA 94063
Telephone: (650) 351-7248
Facsimile: (415) 426-4744
ddemory@bdiplaw.com
mflynnobrien@bdiplaw.com

Attorneys for Defendant
K.MIZRA LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETSKOPE, INC. <br><br> Plaintiff, <br><br> v. <br><br> K.MIZRA LLC <br><br> Defendant. | Case No. 3:25-cv-04833-RS <br><br> **DEFENDANT K.MIZRA LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS** <br><br> Date: September 11, 2025 <br> Time: 1:30 p.m. |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................................................... iii

I.  INTRODUCTION ............................................................................................... 1

II. PERSONAL JURISDICTION DOES NOT EXIST
    ON THESE FACTS ............................................................................................ 1

III. NETSKOPE FAILS TO IDENTIFY ANY BASIS FOR
     JURISDICTIONAL DISCOVERY .................................................................... 5

IV. DISCRETIONARY DENIAL IS APPROPRIATE ........................................... 6

V.  CONCLUSION ................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Advance Med. Designs, Inc. v. Corbin Clinical Res., LLC*,
  No. 1:21-cv-4416-TCB,
  2022 U.S. Dist. LEXIS 238568 (N.D. Ga. Apr. 1, 2022)......................................................2

*Apple Inc. v. Zipit Wireless, Inc.*,
  30 F.4th 1368 (Fed. Cir. 2022) .................................................................................................3

*Arrowhead Indus. Water Inc. v. Ecolochem, Inc.*,
  846 F.2d 731 (Fed. Cir. 1988) ..................................................................................................9

*Boschetto v. Hansing*,
  539 F.3d 1011 (9th Cir. 2008) ..................................................................................................5

*Campbell Pet Co. v. Miale*,
  542 F.3d 879 (Fed. Cir. 2008) ..................................................................................................6

*Capo, Inc. v. Dioptics Med. Prods.*,
  387 F.3d 1352 (Fed. Cir. 2004) ...........................................................................................6, 7

*Dunn Comput. Corp. v. Loudcloud, Inc.*,
   133 F. Supp. 2d 823 (E.D. Va. 2001) .....................................................................................8

*Ebates Performance Mktg., Inc. v. MyMail, Ltd.*,
  No. 20-cv-04768-LHK,
  2021 U.S. Dist. LEXIS 7786 (N.D. Cal. Jan 13, 2021)............................................................9

*Elecs. for Imaging, Inc. v. Coyle*,
  394 F.3d 1341 (Fed. Cir. 2005) ................................................................................................8

*Fresenius USA, Inc. v. Transonic Sys.*,
  207 F. Supp. 2d 1009 (N.D. Cal. 2001)....................................................................................7

*Impax Labs., Inc. v. Medicis Pharm. Corp.*,
  No. C-08-0253 MMC,
  2008 U.S. Dist. LEXIS 111789 (N.D. Cal. Apr. 16, 2008).......................................................7

*In re Combustion Equip. Assocs., Inc.*,
   838 F.2d 35 (2d Cir. 1988) ..................................................................................7, 8

*Jack Henry & Assocs., Inc. v. Plano Encryption Techs., LLC*
   910 F.3d 1199 (Fed. Cir. 2018) ......................................................................................3

*Laub v. United States DOI*,
   342 F.3d 1080 (9th Cir. 2003) .......................................................................................5

*Lyft, Inc. v. AGIS Software Dev. L.P.*,
   No. 21-cv-04653-BLF,
   2022 U.S. Dist. LEXIS 16359 (N.D. Cal. Jan. 28, 2022)........................................2

*Patent Rights Prot. Grp., LLC v. Video Gaming Techs., Inc.*,
   603 F.3d 1364 (Fed. Cir. 2010) ......................................................................................5

*Plantronics, Inc. v. Callpod Inc.*,
   No. 14-cv-04639-SI,
   2015 U.S. Dist. LEXIS 7429 (N.D. Cal. Jan. 21, 2015)..........................................9

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*
   148 F.3d 1355 (Fed. Cir. 1998) ..................................................................................2, 3

*Sharma v. Volkswagen AG*,
   524 F. Supp. 3d 891 (N.D. Cal. 2021).........................................................................5

*Trimble Inc. v. PerDiemCo LLC*,
   997 F.3d 1147 (Fed. Cir. 2021) ...........................................................................passim

*ViaTech Techs., Inc. v. Adobe Inc.*,
   No. 19-cv-11177-ADB,
   2020 U.S. Dist. LEXIS 43867 (D. Mass. Mar. 13, 2020) .......................................4

*Vocalife LLC v. Amazon.com, Inc.*,
   No. 2:19-cv-00123-JRG,
   2019 U.S. Dist. LEXIS 205696 (E.D. Tex. Nov. 27, 2019)...................................4

## I. INTRODUCTION

Defendant K.Mizra LLC's Motion to Dismiss (ECF No. 17, the "Motion") explained how exercising jurisdiction here would be unreasonable and why it would be appropriate for the Court to exercise its discretion to decline jurisdiction over Plaintiff Netskope, Inc.'s ("Netskope") claims. In its Response (ECF No. 20, the "Response"), Netskope overstates its case and the law, attempting to rely on easily distinguishable cases and claiming that K.Mizra's discretionary denial argument was precluded by a case that does not even address that argument. As a last resort, Netskope seeks wide-ranging discovery on any contacts that K.Mizra may have with a California resident in hopes of discovering a basis for personal jurisdiction. Netskope's arguments should be rejected and this case dismissed.

## II. PERSONAL JURISDICTION[1] DOES NOT EXIST ON THESE FACTS

Contrary to Netskope's accusation, K.Mizra is well aware of *Trimble Inc. v. PerDiemCo LLC,* 997 F.3d 1147 (Fed. Cir. 2021). (Response p. 9.) K.Mizra's Motion did not address *Trimble* as the facts of that case bear no resemblance to the situation here. In *Trimble*, the Federal Circuit found personal jurisdiction over the defendant based on an exchange of "twenty-two communications with Trimble over a period of three months." *Id.* at 1156. The defendant there "accumulate[ed] an extensive number of contacts with the forum in a short period of time," going "far beyond solely informing a party who happens to be located in California of suspected infringement." *Id.* at 1157 (internal citation omitted).

These facts stand in stark contrast to the few contacts Netskope alleges here, not the least of which is the volume and frequency of contacts with California companies. Beyond mere speculation, Netskope alleges only the following contacts:

- One letter each to Aruba and HPE in early 2021;

---

[1] Netskope is not claiming general jurisdiction. K.Mizra thus only focuses on specific jurisdiction in this Reply.

- Three letters to Forescout in early 2021;
- Two letters to Fortinet in early 2021;
- One email to Epson in July 2021 (which Netskope implicitly concedes is not connected to the patent asserted here, *see* Response pp. 7-8); and
- One letter to Netskope in 2025.

(Response pp. 3-4.) Even if each of these contacts were relevant to the Court's analysis, nine communications over a period of four years—and only the Netskope letter in the last four years—falls far short of the facts found sufficient to support personal jurisdiction in *Trimble*.

In *Trimble*, the Court found that the volume and frequency of the communications with the plaintiff approximated an "arms-length negotiation in anticipation of a long-term continuing business relationship." 997 F.3d at 1157. Courts have repeatedly distinguished *Trimble* based on its "very specific set of facts," which made it similar to an arms-length negotiation. *Lyft, Inc. v. AGIS Software Dev. L.P.*, No. 21-cv-04653-BLF, 2022 U.S. Dist. LEXIS 16359, at *8-9 (N.D. Cal. Jan. 28, 2022).

Also importantly, the Federal Circuit in *Trimble* recognized that "isolated or sporadic" contacts must be treated differently from "continuous ones." 997 F.3d at 1156 (citing *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 367 n.4 (2021)). Courts both before and after *Trimble* have thus recognized that limited contacts are insufficient to justify jurisdiction. (Motion p. 9.) Indeed, one district court has distinguished *Trimble* in circumstances involving a similar number of communications in a shorter period of time. *See Advance Med. Designs, Inc. v. Corbin Clinical Res., LLC*, No. 1:21-cv-4416-TCB, 2022 U.S. Dist. LEXIS 238568, at *15 (N.D. Ga. Apr. 1, 2022) (denying jurisdiction despite "two phone calls, several emails, and three letters over the course of a year.") (citing *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998)).

Netskope's legal argument is also overstated. First, as K.Mizra previously alleged and Netskope does not deny, K.Mizra's relationship with Epson is unrelated to the '705 Patent. (ECF No. 17-1 ¶ 11.) Second, Netskope's argument relies on one to three communications with several different infringers,[2] each of which alone would be plainly insufficient. *Red Wing Shoe Co.*, 148 F.3d at 1361; *see also Trimble*, 997 F.3d at 1156 (noting that *Red Wing Shoe Co.* was correctly decided based on the number of communications). The unfairness of subjecting a defendant to jurisdiction does not change when, by happenstance, a few unrelated alleged infringers are headquartered in a particular state. Indeed, Netskope fails to cite even a single case where jurisdiction was established based on minimal communications with a variety of unrelated infringers.[3]

To put a finer point on things, Netskope's "reasonableness" analysis is just wrong. Netskope simply ignores the policy considerations discussed in *Red Wing Shoe Co.*, specifically that the public interest policies encouraging settlement of legal claims support the conclusion that exercising jurisdiction over K.Mizra would be unreasonable. Indeed, the Federal Circuit has explained that the *Red Wing Shoe Co.* policy "is no doubt relevant" and "is not a patent-specific consideration." *Apple Inc. v. Zipit Wireless, Inc.*, 30 F.4th 1368, 1377 (Fed. Cir. 2022). Both the Federal Circuit and district courts have made clear that this consideration, when considered with the other factors, establishes that personal jurisdiction would not comport with fair play and substantial justice in cases like the one here presented.

---

[2] *See also* Motion pp. 7-8.

[3] In *Jack Henry & Assocs., Inc. v. Plano Encryption Techs., LLC*, the accused infringers were related because the same party was providing the underlying accused technology to each letter recipient and that technology provider and all eleven infringers collectively brought the declaratory judgment action. 910 F.3d 1199, 1201-03 (Fed. Cir. 2018).

Netskope is also incorrect about the burden K.Mizra would shoulder if subjected to jurisdiction in this Court. K.Mizra is a Florida company with no presence in California (ECF No. 17-1 ¶¶ 3-5), and there is no record evidence even suggesting that a K.Mizra employee has traveled to California to discuss infringement of the '705 Patent. The problems with Netskope's claim that K.Mizra **will not** be burdened by litigation in California because it sends letters to California companies should be apparent.[4]

Although *Trimble* found that the "burden" factor was not significant where the out-of-state office was pretextual, where the plaintiff demonstrated that the burden of litigating in the forum was only slightly greater than litigating in a preferred fora, and where the patent owner had a vast array of contacts with the California company, none of those facts match the situation here. 997 F.3d at 1158. Netskope should not be allowed to stretch that fact-specific analysis of a specific jurisdiction analysis into a general argument that companies that assert their patents can never be burdened, as it seeks to do here. Indeed, courts have recognized that litigating in the Northern District of California is often significantly more expensive than litigating in other fora. *See, e.g., ViaTech Techs., Inc. v. Adobe Inc.*, No. 19-cv-11177-ADB, 2020 U.S. Dist. LEXIS 43867, at *8-9 (D. Mass. Mar. 13, 2020) ("Delaware would be less expensive and more convenient [than California] for ViaTech, which has its principal place of business in Florida."); *Vocalife LLC v. Amazon.com, Inc.*, No. 2:19-cv-00123-JRG, 2019 U.S. Dist. LEXIS 205696, at *15 (E.D. Tex. Nov. 27, 2019) (noting that food and lodging "are likely to be significantly less expensive in this District than in Northern California").

---

[4] Beyond the significant difference in burden between sending letters and litigating in a distant forum, it should also be noted that this argument would mean that the burden factor can never weigh in favor of denial in cases involving notice letters. That is simply not the law.

It would be unreasonable for the Court to exercise specific personal jurisdiction over K.Mizra based on the isolated and sporadic contacts identified by Netskope.

### III. NETSKOPE FAILS TO IDENTIFY ANY BASIS FOR JURISDICTIONAL DISCOVERY

Jurisdictional discovery is an issue of law not unique to patent law, meaning the law of the regional circuit applies to resolution of this issue. *See Patent Rights Prot. Grp., LLC v. Video Gaming Techs., Inc.*, 603 F.3d 1364, 1371 (Fed. Cir. 2010). In the 9th Circuit, a district court is vested with broad discretion to permit or deny jurisdictional discovery. *Laub v. United States DOI*, 342 F.3d 1080, 1093 (9th Cir. 2003). The Court should not grant jurisdictional discovery based on "a hunch that it might yield jurisdictionally relevant facts." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). Accordingly, the 9th Circuit requires any request for jurisdictional discovery "articulate the specific discovery [Plaintiff] seek[s] to conduct and how such discovery will enable them to make a prima facie showing of jurisdictional facts with respect to the [Defendant]." *Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 905 (N.D. Cal. 2021).

Here, Netskope's request appears to be based on little more than a hunch that there might be something else it could use to support a personal jurisdiction argument. This is not a case where jurisdictional discovery is needed to investigate a factual dispute between the parties; rather, Netskope seeks discovery in hope of discovering ***more facts*** that it might use to support a specific personal jurisdiction argument.

Allowing jurisdictional discovery here would, essentially, allow any infringer to conduct a fishing expedition based on the suspicion that the patent owner may have other contacts with the forum than those it was able to locate through public records. That is not the proper role for jurisdictional discovery. Indeed, rather than identify any specific, targeted discovery it might need, Netskope wants the right to broadly "seek[] information on K.Mizra's contacts with this forum, including with respect to K.Mizra's extrajudicial enforcement activities directed at California residents."

(Response p. 12.) Notably, Netskope's argument for this discovery—*that there might be other unknown contacts*—seems to both be an admission of a fishing expedition and contradiction of its argument that "K.Mizra . . . aggressively monetizes its patents by suing companies and forcing licenses." (Response p. 2.) All of K.Mizra's lawsuits are a matter of public record—Netskope knows exactly who K.Mizra has sued and for what. Netskope should not be granted a fishing license under these circumstances.

Furthermore, jurisdictional discovery would be futile. For example, Netskope specifically refers to "extra-judicial patent enforcement" activities in the state.[5] But K.Mizra has not engaged in any such activities and Netskope provides no basis for believing that it has. Moreover, additional communications with unrelated infringers do not fundamentally alter the unfairness calculus for the same reasons already discussed above. In any case, Netskope's continued reliance on out-of-state litigation to support jurisdiction is improper as a matter of law (*see, e.g.,* Motion p. 6), as K.Mizra explained and Netskope did not refute.

The Court should not under the facts here permit jurisdictional discovery.

## IV.   DISCRETIONARY DENIAL IS APPROPRIATE

Netskope does not deny that K.Mizra's letter invited negotiations, that Netskope rushed to the courthouse rather than accept this invitation, and that accepting jurisdiction here would discourage settlement discussions and negotiations. Instead, Netskope argues that these considerations "must yield" to the Federal Circuit decision in *Capo, Inc. v. Dioptics Med. Prods.*, 387 F.3d 1352 (Fed. Cir. 2004). (Response p. 1.) Not true. Netskope's argument regarding *Capo* is overstated. *Capo* stands for the unremarkable proposition that the Court's discretion is not unlimited, and the Court must have a reasonable basis for declining jurisdiction. 387 F.3d at 1357 ("There must be a sound basis for refusing to adjudicate an actual controversy.").

---

[5] Extra-judicial patent enforcement appears to refer to efforts to cause third parties to remove allegedly infringing products from the market. *See Campbell Pet Co. v. Miale*, 542 F.3d 879, 886 (Fed. Cir. 2008).

But nothing in *Capo* precludes discretionary denial where an infringer rushes to the courthouse rather than engaging in good faith negotiations with a patent owner. *Capo* was directed to a far different set of facts.[6]

Netskope's arguments to the contrary are unavailing. For example, Netskope argues that *Fresenius USA, Inc. v. Transonic Sys.*, 207 F. Supp. 2d 1009 (N.D. Cal. 2001) is inapplicable because it preceded *Capo* by three years. (Response p. 14.) But Netskope has failed to identify even a single case where this argument was rejected as an improper ground for discretionary denial based on *Capo* or any other precedent—nor is K.Mizra aware of any such cases. To the contrary, Netskope's own arguments disprove its reliance on *Capo*. For example, Netskope argues that the court in *Impax Labs., Inc. v. Medicis Pharm. Corp.*, No. C-08-0253 MMC, 2008 U.S. Dist. LEXIS 111789 (N.D. Cal. Apr. 16, 2008), "had no occasion to address the Federal Circuit's mandate in *Capo*." (Response p. 15.) But *Impax*—which was decided several years after *Capo*—explicitly based its discretionary denial decision on the same judicial economy considerations advanced by K.Mizra here. *Impax*, 2008 U.S. Dist. LEXIS 111789, at *12. If *Capo* precluded this argument as a basis for discretionary denial, as Netskope here advances, that court surely had occasion to address the issue and, what, chose not to do so? It cannot be credibly argued that the *Impax* court was unaware of *Capo*: it is cited in the *Impax* opinion. *Id.* at *8.

Moreover, Netskope dismisses the importance of *In re Combustion Equip. Assocs., Inc.*, 838 F.2d 35 (2d Cir. 1988) ["*CEA*"], because it is a bankruptcy rather than a patent case. (Response p. 15.) But the *CEA* case is just an example of several cases where courts have applied a similar rationale to the one advanced by K.Mizra

---

[6] In *Capo*, discretionary denial was based on the following facts: (1) the patent owner had not seen the allegedly infringing product; (2) the patent owner had not filed a compulsory counterclaim for infringement; and (3) the patent owner claimed it had pending patent applications that better covered the product. 387 F.3d at 1354. These facts are not here present.

here to exercise discretion in declining jurisdiction. *See, e.g., Dunn Comput. Corp. v. Loudcloud, Inc.*, 133 F. Supp. 2d 823, 829-30 (E.D. Va. 2001) (noting, in a trademark case, that "district courts should not exercise their discretionary declaratory judgment jurisdiction in ways that encourage races to the courthouse and discourage settlement") (citing *BASF Corp. v. Symington*, 50 F.3d 555, 557 (8th Cir. 1995)). In any case, Netskope's argument that *Capo* somehow precludes a discretionary denial in this patent case is directly contradicted by the Federal Circuit's mandate that patent cases are no different from others when it comes to equal application of the law. *Trimble*, 997 F.3d at 1154 ("[T]he Court has repeatedly rejected special rules for patent litigation in the context of rules governing civil litigation generally.").

The cases cited by Netskope do not compel a contrary conclusion. For example, Netskope appears to suggest that a court may not deny jurisdiction except in the circumstances of *EMC Corp. v. Norand Corp.*, 89 F.3d 807 (Fed. Cir. 1996). (Response p. 16.) But this is not the law. Indeed, courts recognized it was appropriate to exercise their discretion to avoid premature resolution of a dispute well before the *EMC* case. *CEA*, 838 F.2d at 37 (decided in 1988). And Netskope fails to identify any cases that denied this argument based on *EMC* either.

As a last resort, Netskope cites a number of cases that did not involve the discretionary denial argument presented by K.Mizra. For example, Netskope cites *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341 (Fed. Cir. 2005). (Response p. 16.) But the district court there denied jurisdiction because the alleged infringer was confident in its legal position and thus had no uncertainty of the type contemplated by the Declaratory Judgment Act. *Elecs. for Imaging*, 394 F.3d at 1346. And the district court cases cited by Netskope (Response p. 16) distinguish over *EMC*, not the cases or rationale at issue here.[7]

---

[7] In *Ebates Performance Mktg., Inc. v. MyMail, Ltd.*, the citation provided by Netskope (Response p. 16) reveals that the defendant based its argument on (non-existent) ongoing licensing negotiations. No. 20-cv-04768-LHK, 2021 U.S. Dist.

-8-

Nothing in *Capo* precludes the discretionary denial rationale advanced by K.Mizra. To the contrary, cases that address this argument have repeatedly recognized that it is a valid basis for exercising a court's discretion to deny jurisdiction in all areas of civil litigation. The rationale also dovetails with other areas of law, whether using notice letters as part of a Fed. R. Civ. P. 11 inquiry (because discussions with potential infringers may reveal potential non-infringement positions or mistaken assumptions about the operation of a product that may be taken into account in the pre-filing investigation) or providing personal jurisdiction based on repeated communications with an alleged infringer (as in *Trimble*).

In contrast, Netskope's preferred negotiation approach, the one it attempts to use here, would incentivize parties to immediately resort to the courts rather than attempting to resolve their disputes. It would turn the Declaratory Judgment Act into a first resort, practically requiring patent owners to sue before providing notice of infringement, rather than a safety valve for alleged infringers when "the patent owner refuses to grasp the nettle and sue." *Arrowhead Indus. Water Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 735 (Fed. Cir. 1988).

## V.    CONCLUSION

This action should now end with the grant of K.Mizra's motion to dismiss.

---

LEXIS 7786, at *22-23 (N.D. Cal. Jan 13, 2021). The decision in *Plantronics, Inc. v. Callpod Inc.* (addressed at Response p. 16) likewise involved an argument about ongoing licensing negotiations. No. 14-cv-04639-SI, 2015 U.S. Dist. LEXIS 7429, at *15 (N.D. Cal. Jan. 21, 2015). There is no indication that either party advanced the arguments presented here. To the contrary, it appears that the parties had engaged in at least some settlement discussions or negotiations in those cases. *See, e.g., id.* at *15 ("The record shows that Plantronics repeatedly rejected Callpod's offers and stated its view that Callpod's patents were not worth much, and **throughout the parties' negotiations**, the parties' positions were very far apart." (emphasis added)).

Dated: August 29, 2025                    Respectfully submitted,

By: /s/ Brian S. Boerman
    Robert R. Brunelli
    (admitted *pro hac vice*)
    Brian S. Boerman
    (admitted *pro hac vice*)
    SHERIDAN ROSS PC
    1560 Broadway, Suite 1200
    Denver, CO 80202
    Telephone: (303) 863-2961
    Facsimile: (303) 863-0223
    rbrunelli@sheridanross.com
    bboerman@sheridanross.com
    litigation@sheridanross.com

    Denise M. De Mory (SBN 168076)
    Michael Flynn-O'Brien (SBN 291301)
    BUNSOW DE MORY LLP
    701 El Camino Real
    Redwood City, CA 94063
    Telephone: (650) 351-7248
    Facsimile: (415) 426-4744
    ddemory@bdiplaw.com
    mflynnobrien@bdiplaw.com

    *Attorneys for Defendant*
    *K.Mizra LLC*