UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NETSKOPE, INC.,

    Plaintiff,

v.

K.MIZRA LLC,

    Defendant.

Case No. 25-cv-04833-RS

**ORDER GRANTING LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY AND CONTINUING HEARING**

Defendant moves to dismiss for lack of personal jurisdiction. Plaintiff contends the record already supports jurisdiction, but requests jurisdictional discovery to buttress its position. "A district court is vested with broad discretion to permit or deny discovery, and a decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (quotation marks and citation omitted). Courts require a plaintiff to establish a "colorable" basis for personal jurisdiction before granting jurisdictional discovery. *See, e.g., Mitan v. Feeney*, 497 F.Supp.2d 1113, 1119 (C.D. Cal. 2007). "This 'colorable' showing should be understood as something less than a prima facie showing, and could be equated as requiring the plaintiff to come forward with 'some evidence' tending to establish personal jurisdiction over the defendant." *Id*. at 1119 (citations omitted).

Permitting discovery is appropriate under all the circumstances here. Plaintiff seeks to propound five interrogatories, requests for production, and to conduct one four-hour Rule 30(b)(6)

deposition seeking information on defendant's contacts with this forum, including with respect to its "extrajudicial patent enforcement activities directed at California residents." Better practice would have been to submit the proposed interrogatories, document requests, and deposition notice with the request to be allowed to conduct discovery. While plaintiff will not be required to do so now, it is cautioned to ensure its discovery is narrowly tailored to the issues directly relevant to personal jurisdiction and to avoid undue burden. Particular consideration should be given to whether a deposition is necessary.

With that caution, the request for jurisdictional discovery is granted. The hearing on the motion to dismiss set for September 11, 2025, is vacated. The jurisdictional discovery shall be completed no later than November 28, 2025. Plaintiff shall file a supplemental opposition brief, not to exceed 15 pages, by December 12, 2025. Defendant may file a supplemental response, not to exceed 15 pages, by December 19, 2025. The matter will then be submitted for decision without oral argument unless otherwise ordered.

**IT IS SO ORDERED**.

Dated: September 4, 2025

RICHARD SEEBORG
Chief United States District Judge