Robert R. Brunelli (admitted *pro hac vice*)
Brian Boerman (admitted *pro hac vice*)
SHERIDAN ROSS PC
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone: (303) 863-2961
Facsimile: (303) 863-0223
rbrunelli@sheridanross.com
bboerman@sheridanross.com
litigation@sheridanross.com

Denise M. De Mory (SBN 168076)
Michael Flynn-O'Brien (SBN 291301)
Eric R. Carr (SBN 333128)
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA 94063
Telephone: (650) 351-7248
Facsimile: (415) 426-4744
ddemory@bdiplaw.com
mflynnobrien@bdiplaw.com
ecarr@bdiplaw.com

Attorneys for Defendant
*K.MIZRA LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETSKOPE, INC.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>K.MIZRA LLC<br><br>　　　　Defendant. | Case No. 3:25-cv-04833-RS<br><br>**DEFENDANT K.MIZRA LLC'S SUPPLEMENTAL REPLY IN SUPPORT OF ITS MOTION TO DISMISS** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii

I. INTRODUCTION ..................................................................................................... 1

II. K.MIZRA'S DISCOVERY CONDUCT WAS PROPER ................................. 2

III. THE NEW EVIDENCE DOES NOT ESTABLISH JURISDICTION ............ 4

IV. DISCRETIONARY DENIAL IS APPROPRIATE ............................................ 7

V. CONCLUSION ........................................................................................................ 8

# TABLE OF AUTHORITIES

**Cases**

*Advanced Med. Designs, Inc. v. Corbin Clinical Res., LLC*,
   No. 1:21-cv-4416-TCB,
   2022 U.S. Dist. LEXIS 238568 (N.D. Ga. Apr. 1, 2022) ........................................ 6

*Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*,
   444 F.3d 1356 (Fed. Cir. 2006) ............................................................................. 4

*Capo, Inc. v. Dioptics Medical Products, Inc.*,
   387 F.3d 1352 (Fed. Cir. 2004) ......................................................................... 7, 8

*Core-Vent Corp. v. Nobel Indus. AB*,
   11 F.3d 1482 (9th Cir. 1993) ................................................................................. 7

*Estakhrian v. Obenstine*,
   No. CV1103480GAFCWX,
   2011 WL 13128846 (C.D. Cal. Oct. 24, 2011) ..................................................... 6

*Fresenius USA, Inc. v. Transonic Sys.*,
   207 F. Supp. 2d 1009 (N.D. Cal. 2001) ................................................................ 7

*Gonzalez v. JAG Trucking, Inc.*,
   No. 1:18-cv-01046-LJO-JLT,
   2019 U.S. Dist. LEXIS 22033 (E.D. Cal. Feb. 11, 2019) ..................................... 8

*Impax Labs., Inc. v. Medicis Pharm. Corp.*,
   No. C-08-0253 MMC,
   2008 U.S. Dist. LEXIS 111789 (N.D. Cal. Apr. 16, 2008) ................................... 7

*In re Combustion Equip. Assocs., Inc.*,
   838 F.2d 35 (2d Cir. 1988) .................................................................................... 7

*Jack Henry & Assocs., Inc. v. Plano Encryption Techs. LLC*,
   910 F.3d 1199 (Fed. Cir. 2018) ............................................................................. 5

*Juniper Networks Inc. v. Swarm Tech. LLC*,
   No. 3:20-CV-03137-JD,
   2021 WL 6049924 (N.D. Cal. Dec. 21, 2021) ........................................................................5

*Keywords, LLC v. Internet Shopping Enters., Inc.*,
   No. CV 05-2488 MMM (EX),
   2005 WL 8156437 (C.D. Cal. June 29, 2005)........................................................................6

*Lyft, Inc. v. Quartz Auto Techs. LLC*,
   No. 21-CV-01871-JST,
   2021 WL 6618867 (N.D. Cal. Sept. 7, 2021)..........................................................................5

*Miletta v. Miletta*,
   No. 2:24-CV-03866-MRA-E,
   2024 WL 5368651 (C.D. Cal. Sept. 13, 2024).......................................................................7

*Miller v. Peter Thomas Roth, LLC*,
   No. C 19-00698 WHA,
   2019 WL 1507767 (N.D. Cal. Apr. 5, 2019)..........................................................................7

*Notorious B.I.G. LLC v. Hutson*,
   No. CV1402415SJOJCX,
   2014 WL 12589626 (C.D. Cal. July 3, 2014) ........................................................................6

*PopSockets LLC v. Flygrip, Inc.*,
   No. 21-CV-02900-RM-STV,
   2022 WL 17729705 (D. Colo. Dec. 16, 2022) .......................................................................5

*Smith v. Transit Casualty Co.*,
   281 F. Supp. 661 (E.D. Tex. 1968)........................................................................................8

*Taati v. Cigna Helathcare, Inc.*,
   No. CV0805164MMMPLAX,
   2008 WL 11423854 (C.D. Cal. Oct. 27, 2008) ......................................................................6

*Thalasila v. Lo*,
   No. 23-CV-06116-EJD,
   2024 WL 1548540 (N.D. Cal. Apr. 8, 2024) ............................................................. 6
*Trimble Inc. v. PerDiemCo LLC*,
   997 F.3d 1147 (Fed. Cir. 2021) ............................................................................. 4, 5

## I. INTRODUCTION

Plaintiff Netskope, Inc.'s ("Plaintiff" or "Netskope") Supplemental Opposition to Defendant K.Mizra LLC's ("Defendant" or "K.Mizra") Motion to Dismiss ("Supplemental Opposition" or "Supp. Opp.") (ECF No. 34) rests entirely on irrelevant material and baseless, inflammatory accusations. Netskope's Complaint should now be dismissed.

Netskope wasted the parties' time and resources chasing evidence to support personal jurisdiction that simply does not exist. Nearly all the material Netskope cites in its Supplemental Opposition is entirely irrelevant to the question of personal jurisdiction. K.Mizra's prior residency was terminated years before K.Mizra contacted Netskope and is irrelevant to personal jurisdiction. Just as telling, the allegedly new material regarding K.Mizra's efforts to license U.S. Patent No. 8,234,705 ("the '705 Patent") is cumulative of the pre-discovery record: K.Mizra contacted a small number of California companies regarding the '705 Patent, which as previously explained is not a proper basis for the exercise of personal jurisdiction. The other communications and agreements Netskope cites are unrelated to Netskope's claims in this case because they did not assert infringement of the '705 Patent. Finally, K.Mizra's previous or prospective retention of counsel in the forum state does not confer personal jurisdiction over K.Mizra, as Netskope now also wrongly suggests.

Equally troubling is Netskope's assertion that K.Mizra withheld these facts and implied the absence of these facts in its prior briefing, as these allegations are both false and irrelevant. (Supp. Opp. at 2.) Netskope, as the plaintiff here, is obligated to show a reasonable basis to allege personal jurisdiction over K.Mizra. Netskope did not have such evidence prior to filing its complaint and still does not have such evidence. Indeed, the "new" material is irrelevant, as above and below discussed, which means K.Mizra cannot objectively be said to have withheld any relevant facts.

As to the discretionary exercise of jurisdiction over the declaratory judgment claims, Netskope accuses K.Mizra of distraction and failure to respond to Netskope's

arguments. However, it is Netskope itself that has engaged in precisely this conduct by failing to meaningfully engage with the arguments raised in K.Mizra's Reply in Support of its Motion to Dismiss ("Reply" or "Rep.") (ECF No. 28). The facts of this case do not warrant the discretionary exercise of jurisdiction over Netskope's claims for relief.

The Court should grant K.Mizra's Motion.

## II.  K.MIZRA'S DISCOVERY CONDUCT WAS PROPER

Netskope's allegations of impropriety are wrong, offensive, and a distraction. K.Mizra's conduct during discovery is irrelevant to this Motion. Nonetheless, given the prominence that Netskope places on these issues, K.Mizra corrects the record.

First, K.Mizra's response to Interrogatory No. 3 was entirely appropriate. The reference to seven companies was made with reference to a specific period, *i.e.*, in January 2021. After proceeding through additional facts in chronological order, K.Mizra then addressed the period after mid-2021. K.Mizra identified a Bates range for more than 500 pages of documents in which it provided the additional letters. As Netskope demonstrates just a few pages later in its brief by citing the documents in that Bates range (Supp. Opp. at 4-5), that production included most if not all the letters on which Netskope relies in its supplemental response.

Second, Netskope provides no support for its suggestion that K.Mizra acted improperly in responding to Interrogatory No. 4 under Rule 33(d). Nor did Netskope move to compel a different response as it would have done if its complaint had merit.

Third, Netskope's attempted reliance on K.Mizra's engagement of California counsel here—Bunsow De Mory—is factually baseless. Bunsow De Mory was engaged by K.Mizra after this case was filed and in accordance with the rules of this Court, which require engagement of California counsel. But K.Mizra had not engaged the firm in relation to the '705 Patent at any time prior, and had not engaged the firm on any matter from 2020 until this case was filed.

Even if engaging counsel in California was relevant to personal jurisdiction (which it is not), Netskope is trying to manufacture evidence where none exists. The document on which Netskope relies is a 2020 internal *planning* document that identifies several law firms around the country, including Bunsow De Mory, as *potential* law firms for litigation involving **unrelated** patents. It is hard to see how a document about activities K.Mizra might undertake in the then future is relevant to the issues at hand. The fact that a firm was mentioned as a ***potential*** firm to consider by K.Mizra certainly does not mean that all of those firms were engaged, including those with offices in California. And Bunsow De Mory was not so engaged.

Finally, any suggestion by Netskope that K.Mizra hid these ***potential*** ties with firms based in California is baseless. Even if there were something to disclose, K.Mizra duly objected to the Interrogatory, including on the grounds that the Interrogatory failed to explain what it meant by "vendors" or what types of services it was asking about. Given the reference to GoDaddy, K.Mizra did not understand that this request was asking about attorneys. Nor did it have any reason to do so. Netskope never challenged K.Mizra's objections.

More importantly, Netskope failed to raise any of these issues during discovery. If Netskope were truly confused about the perceived disconnect between the reference to seven companies and the additional letters K.Mizra produced, it could have asked for clarification. It did not. If Netskope believed K.Mizra should have provided a narrative response to Interrogatory No. 4, it could have asked for that as well. It did not. And if Netskope believed that Bunsow De Mory should have been identified as a vendor in response to Interrogatory No. 5, it could have asked for an explanation of why Bunsow De Mory was not so identified. It did not. Instead, it decided to hurl baseless accusations of impropriety against K.Mizra in its briefing.

Netskope's quibbles about document production are also irrelevant and K.Mizra does not address those further here. Suffice it to say that Netskope seemingly

would rather fight about ancillary discovery issues than the constitutional personal and subject matter jurisdiction issues here, which K.Mizra believes is quite telling.

### III. THE NEW EVIDENCE DOES NOT ESTABLISH JURISDICTION

Apart from notice letters specifically raising infringement allegations concerning the '705 Patent, which are discussed below, Netskope cites no *relevant* evidence concerning personal jurisdiction. The only potentially relevant contacts with California are the "thirteen letters alleging infringement of the '705 patent to entities residing and conducting business in California." (Supp. Opp. at 9.) The remaining communications that included the '705 Patent on a large list of patents or referenced only K.Mizra's "Network Security" portfolio with no mention of the '705 Patent do not constitute relevant contacts with the forum because Netskope's declaratory judgment claims regarding the '705 Patent do not "arise[] out of or relate[] to" those activities. *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1362-63 (Fed. Cir. 2006). Netskope does not allege general personal jurisdiction. Thus, K.Mizra's overall business activities, unrelated to Netskope's claims, have no bearing on the exercise of personal jurisdiction.

As to the letters that specifically discuss the '705 Patent, Netskope has failed to demonstrate that these contacts were "'continuous,'" as opposed to "'isolated and sporadic'" as discussed in K.Mizra's Reply. (Reply at 2 (quoting *Trimble Inc. v. PerDiemCo LLC*, 997 F.3d 1147, 1156 (Fed. Cir. 2021).) While Netskope asserts that the Federal Circuit held in *Trimble* that "even a single cease-and-desist letter may satisfy the 'purposeful availment' test" (Supp. Opp. at 8), the Federal Circuit has not held that a single letter, or any number of letters, *per se* confers personal jurisdiction. Nor does Netskope deny that the operative holding in *Trimble* relied on a large volume of letters (22) over a period of three months, among other facts, to find personal jurisdiction. *See Trimble*, 997 F.3d at 1156-57. Here, Netskope has identified fewer letters over a much longer time frame (approximately four and a half years between January 2021 and May 2025). Critically, Netskope cites no "extra-judicial patent

enforcement activities" *related to the '705 Patent* that would extend the holding of *Trimble* to the dozen or so letters at issue here. (Supp. Opp. at 8.)[1]

The same is true of the additional cases on which Netskope relies. In *PopSockets LLC v. Flygrip, Inc.*, No. 21-CV-02900-NYW-STV, 2022 WL 17547954, at *9 (D. Colo. Oct. 27, 2022), a Colorado case that Netskope incorrectly identifies as being "from [a] court[] in this district" (Supp. Opp. at 7), where "the magistrate judge first determined that Defendant's enforcement letters alone were sufficient to satisfy the 'minimum contacts' requirement" and where the defendant did not object to that determination. *PopSockets LLC v. Flygrip, Inc.*, No. 21-CV-02900-RM-STV, 2022 WL 17729705, at *2 (D. Colo. Dec. 16, 2022). This case is thus minimally informative as to the consideration this Court should give to K.Mizra's notice letters.

The Court in *Juniper Networks Inc. v. Swarm Tech. LLC*, No. 3:20-CV-03137-JD, 2021 WL 6049924, at *3 (N.D. Cal. Dec. 21, 2021) relied on additional facts not here present, namely that the defendant had "attended trade shows" in California and "exchanged communications" with other California companies rather than simply sending notice letters. Similarly, the Court in *Lyft, Inc. v. Quartz Auto Techs. LLC*, No. 21-CV-01871-JST, 2021 WL 6618867, at *2 (N.D. Cal. Sept. 7, 2021) relied on "extensive" and continuous communications with the plaintiff to find personal jurisdiction rather than a single notice letter.

Netskope's efforts to inflate K.Mizra's meager contacts with California into a basis for personal jurisdiction rely on legally irrelevant evidence. First, Netskope asserts that "K.Mizra was formed in California, operated there until mid-2021, and

---

[1] Netskope also disputes that the holding in *Jack Henry & Assocs., Inc. v. Plano Encryption Techs. LLC*, 910 F.3d 1199, 1205 (Fed. Cir. 2018) was based on facts not present here. (Supp. Opp. at 9 n.9.) Contrary to Netskope's characterization of that case, the fact that the defendant's relevant activities were specifically targeted at the banking industry within the forum was relevant to the court's jurisdictional analysis. *Jack Henry*, 910 F.3d at 1205. Here, K.Mizra's national business activities include companies located in California, and K.Mizra has not specifically targeted California.

during that time crafted a monetization strategy for its 'Network Security' portfolio that includes the '705 patent." (Supp. Opp. at 9.) But a defendant's "prior residence in California" is irrelevant to personal jurisdiction where it is not "related to Plaintiff's alleged injury." *Thalasila v. Lo*, No. 23-CV-06116-EJD, 2024 WL 1548540, at *2 (N.D. Cal. Apr. 8, 2024); *see also Estakhrian v. Obenstine*, No. CV1103480GAFCWX, 2011 WL 13128846, at *3 (C.D. Cal. Oct. 24, 2011) (finding prior California residency irrelevant to the question of personal jurisdiction); *Keywords, LLC v. Internet Shopping Enters., Inc.*, No. CV 05-2488 MMM (EX), 2005 WL 8156437, at *5 (C.D. Cal. June 29, 2005) (same).[2] Here, the basis for Netskope's declaratory judgment action is a notice letter sent in March 2025. (ECF No. 1, Complt. ¶ 19.) K.Mizra's California residency terminated four years prior to that date, meaning K.Mizra's prior residency and business activities in California cannot form the basis for personal jurisdiction.

Likewise, the fact that K.Mizra hired California attorneys (even if true) has no bearing on the jurisdictional question. *See Notorious B.I.G. LLC v. Hutson*, No. CV1402415SJOJCX, 2014 WL 12589626, at *5 (C.D. Cal. July 3, 2014) (finding no personal jurisdiction where the defendant's California attorney had sent a cease and desist letter to the plaintiff); *Taati v. Cigna Helathcare, Inc.*, No. CV0805164MMMPLAX, 2008 WL 11423854, at *3 (C.D. Cal. Oct. 27, 2008) (rejecting "the proposition that a court can exercise personal jurisdiction over a defendant merely because the defendant retains an attorney in the forum state").

Nor does Netskope refute K.Mizra's showing of undue burden. Netskope again invokes K.Mizra's years-past residency in California as evidence of personal jurisdiction, which is irrelevant as discussed above. Likewise, K.Mizra's unrelated

---

[2] For the same reason, Netskope's efforts to distinguish *Advanced Med. Designs, Inc. v. Corbin Clinical Res., LLC*, No. 1:21-cv-4416-TCB, 2022 U.S. Dist. LEXIS 238568 (N.D. Ga. Apr. 1, 2022) based on K.Mizra's prior residency in California are unavailing. (Supp. Opp. at 8.)

California litigation against Epson sheds no light on the burden K.Mizra would experience litigating *this* case in California. As this Court has held, "a party's initiation or defense of a legal action in [a state] does not provide personal jurisdiction over that party in a separate suit ... even where ... the later suit arises from subject matter that is similar to the earlier suit." *Miller v. Peter Thomas Roth, LLC*, No. C 19-00698 WHA, 2019 WL 1507767, at *3 (N.D. Cal. Apr. 5, 2019) (alterations in original, internal quotation omitted).

Regarding the forum selection clauses in unrelated agreements, the Ninth Circuit has "reject[ed] the argument that a non-forum resident submits to a forum state's jurisdiction by virtue of entering into a settlement agreement in an unrelated case that provides for the enforcement of the agreement in the forum state's courts." *Miletta v. Miletta*, No. 2:24-CV-03866-MRA-E, 2024 WL 5368651, at *5 n.2 (C.D. Cal. Sept. 13, 2024) (citing *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1490 (9th Cir. 1993)). So, these arguments too show Netskope's position to just be wrong.

Netskope cites no new relevant evidence refuting K.Mizra's burden argument. The added burden on K.Mizra of litigating this matter across the country from its state of residence further warrants granting K.Mizra's motion.

## IV.     DISCRETIONARY DENIAL IS APPROPRIATE

Contrary to Netskope's position, K.Mizra's original arguments concerning discretionary dismissal based on *Fresenius USA, Inc. v. Transonic Sys.*, 207 F. Supp. 2d 1009 (N.D. Cal. 2001) and *Impax Labs., Inc. v. Medicis Pharm. Corp.*, No. C-08-0253 MMC, 2008 U.S. Dist. LEXIS 111789 (N.D. Cal. Apr. 16, 2008) remain sound in view of *Capo, Inc. v. Dioptics Medical Products, Inc.*, 387 F.3d 1352 (Fed. Cir. 2004). *Impax* was decided **after** *Capo*. (Rep. at 7.) Netskope has no answer to this argument other than to criticize the way it was presented. (Supp. Opp. at 11-12.) That position is no argument at all and exults form over substance.

Regarding the third case on which K.Mizra primarily relied, *In re Combustion Equip. Assocs., Inc.*, 838 F.2d 35 (2d Cir. 1988), Netskope does not discuss it at all.

The holding and guidance of that case remain relevant and should help the Court properly end this case now.

K.Mizra does not advocate ignoring *Capo*, as Netskope suggests. (Supp. Opp. at 12.) Rather, K.Mizra's position is that there are "well-founded reasons" to decline jurisdiction here, 387 F.3d at 1357, namely the undisputed facts discussed in K.Mizra's Motion. (Mot. at 11-12.) K.Mizra did not engage in the conduct the Declaratory Judgment Act was designed to curtail, meaning that exercising jurisdiction in this case would frustrate the public interest in resolving business disputes without litigation. The Court should thus decline to exercise jurisdiction over this case even if it finds that K.Mizra is subject to the Court's personal jurisdiction.

Moreover, subsequent events only confirm that declining to exercise discretion is appropriate. After K.Mizra submitted its original motion to dismiss, Netskope filed a Petition for *Inter Partes* Review at the United States Patent and Trademark Office ("USPTO") seeking to invalidate the '705 Patent. (*See* IPR2025-01115, Paper 1.) Notably, Netskope deliberately chose not to raise that issue in this case, instead seeking to multiply the proceedings by forcing K.Mizra to defend the '705 Patent both in this case and before the USPTO. Netskope's claim that it filed this case to resolve the issues between the parties is thus belied by its attempts to needlessly expand the dispute and force K.Mizra to expend additional resources. *Accord. Gonzalez v. JAG Trucking, Inc.*, No. 1:18-cv-01046-LJO-JLT, 2019 U.S. Dist. LEXIS 22033, at *17 (E.D. Cal. Feb. 11, 2019) ("One important function of a declaratory judgment is to *avoid* multiplicity and circuitry of actions." (quoting *Smith v. Transit Casualty Co.*, 281 F. Supp. 661, 670 (E.D. Tex. 1968) (emphasis added).)

## V.     CONCLUSION

This action should now end with the grant of K.Mizra's motion to dismiss.

Dated: January 16, 2026                Respectfully submitted,

By: */s/ Brian S. Boerman*
Robert R. Brunelli
(admitted *pro hac vice*)
Brian S. Boerman
(admitted *pro hac vice*)
SHERIDAN ROSS PC
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone: (303) 863-2961
Facsimile: (303) 863-0223
rbrunelli@sheridanross.com
bboerman@sheridanross.com
litigation@sheridanross.com

Denise M. De Mory (SBN 168076)
Michael Flynn-O'Brien (SBN 291301)
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA 94063
Telephone: (650) 351-7248
Facsimile: (415) 426-4744
ddemory@bdiplaw.com
mflynnobrien@bdiplaw.com

*Attorneys for Defendant*
*K.Mizra LLC*