UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NETSKOPE, INC.,

          Plaintiff,

    v.

K.MIZRA LLC,

          Defendant.

Case No. 25-cv-04833-RS

**ORDER DENYING MOTION TO DISMISS, WITHOUT PREJUDICE**

Plaintiff Netskope, Inc. brought this action for declaratory relief seeking an adjudication that it does not infringe U.S. Patent No. 8,234,705, assigned to defendant K.Mizra LLC. Netskope alleges K.Mizra is a "a non-practicing entity that neither innovates, makes, nor sells products" that instead operates under a business model "to purchase patents with limited commercial value, [and] then threaten innovative companies with patent litigation to extract royalties." Netskope asserts K.Mizra threatened it —a "resident of California and this District"—with suit for patent infringement by a letter sent to Netskope's Santa Clara, California address. Netskope further alleges K.Mizra has "repeatedly directed patent enforcement and licensing activities toward companies based in this District," and has brought one infringement action in California, *K.Mizra LLC v. Epson Am., Inc.*, No. 8:25-cv-00027 (C.D. Cal. Jan. 7, 2025). That action did not involve the '705 patent, however.

K.Mizra moves to dismiss this action on two grounds. First, K.Mizra contends it is not subject to personal jurisdiction in California merely because it sent the letter to Netskope and has

United States District Court
Northern District of California

engaged other California companies in licensing negotiations regarding various patents. Second, K.Mizra argues the court should decline to exercise declaratory relief jurisdiction because accepting jurisdiction "would promote the premature filing of declaratory judgment actions and reduce the incentive for potential infringers to communicate with patentees before filing suit." *IMPAX Labs., Inc. v. Medicis Pharm. Corp.*, No. C-08-0253 MMC, 2008 U.S. Dist. LEXIS 111789, at *12 (N.D. Cal. Apr. 16, 2008).

Netskope was granted leave to conduct jurisdictional discovery. The materials revealed in that process appear largely cumulative to the parties' existing arguments. While the matter was pending, Netskope filed a Petition for Inter Partes Review at the United States Patent and Trademark Office ("USPTO") seeking to invalidate the '705 Patent. The USPTO declined to institute review.

At this juncture, the parties appear to be jockeying for perceived procedural advantage, without due regard for judicial efficiency. If K.Mizra intends to pursue infringement litigation against Netskope, there is little indication that a different venue would be proper. If K.Mizra does not intend to file suit, it should be willing to so state. If further negotiation is needed, the parties should pursue it. It would appear to serve little purpose to dismiss this action either for lack of personal jurisdiction on a discretionary basis declining to exercise declaratory relief jurisdiction, if the parties in fact have a live controversy that likely would be litigated in this district in any event. To the extent K.Mizra may want to be labeled as the plaintiff, as opposed to the defendant, that is not a sufficient basis to grant the pending motion—trial presentation order and related issues are for another day.

Accordingly, the pending motion to dismiss is denied without prejudice, and the parties are directed to engage in meet and confer negotiations to attempt to reach agreement as to whether this action should go forward or be dismissed. In the event the parties are unable to reach such an agreement, K.Mizra may file a notice, no later than 30 days from the date of this order, renewing its motion to dismiss, which will then be decided without further briefing or hearing.

**IT IS SO ORDERED**.

Dated: March 31, 2026

_____
RICHARD SEEBORG
Chief United States District Judge