Thomas N. Millikan, Bar No. 234430
TMillikan@sheppard.com
Joseph P. Reid, Bar No. 211082
JPReid@sheppard.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: 858.720.8900
Facsimile: 858.509.3691

Andrew N. Klein, Bar No. 300221
AKlein@sheppard.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
1540 El Camino Real, Suite 120
Menlo Park, CA 94025
Telephone: 650.815.2600
Facsimile: 650.815.2601

Kevin A. Zeck (admitted *pro hac vice*)
KZeck@sheppard.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006
Telephone: 202.747.1900
Facsimile: 202.747.1901

*Attorneys for Plaintiff*
Netskope, Inc.

Robert R. Brunelli (admitted pro hac vice)
Brian Boerman (admitted pro hac vice)
Matthew C. Holohan (SBN 239040)
SHERIDAN ROSS PC
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone: (303) 863-2961
Facsimile: (303) 863-0223
rbrunelli@sheridanross.com
bboerman@sheridanross.com
mholohan@sheridanross.com
litigation@sheridanross.com

Denise M. De Mory (SBN 168076)
Michael Flynn-O'Brien (SBN 291301)
Eric Carr (SBD 333128)
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA 94063
Telephone: (650) 351-7248
Facsimile: (415) 426-4744
ddemory@bdiplaw.com
mflynnobrien@bdiplaw.com
ecarr@bdiplaw.com

*Attorneys for Defendant*
K.Mizra LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

NETSKOPE, INC.,

Plaintiff,

v.

K.MIZRA LLC,

Defendant.

Case No. 3:25-cv-04833-RS

**JOINT CASE MANAGEMENT STATEMENT**

Date: November 19, 2026
Time: 10:00 am
Location: San Francisco Courthouse
Courtroom 12, 19th Floor
(To be held by Zoom)
Judge: Judge Richard Seeborg

Plaintiff Netskope, Inc. ("Netskope") and Defendant K.Mizra LLC ("K.Mizra") (collectively, "Parties"), by and through their counsel, hereby submit this Joint Case Management Statement and Proposed Order pursuant to the Standing Order for All Judges of the Northern District of California (Nov. 30, 2023), and the Court's October 22, 2026 Order, Dkt. 58.

**1. JURISDICTION AND SERVICE**

The Parties do not dispute service in this Action.

**Netskope's Statement:**

Netskope contends this Court has subject matter jurisdiction over this Action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202. Netskope alleges a claim for declaratory judgment that its products do not infringe U.S. Patent No. 8, 234,705, which is allegedly owned by K.Mizra. Netskope also contends that this Court has personal jurisdiction over K.Mizra with respect to Netskope's declaratory judgment claim. Netskope further contends that venue is proper in this District and Division pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) at least because K.Mizra is subject to personal jurisdiction in this District, a substantial part of the events or omissions giving rise to the claims occurred in this District, and K.Mizra purposefully directed activities to this District.

**K.Mizra's Statement:**

K.Mizra contends that this Court lacks personal jurisdiction over K.Mizra and further contends that the exercise of subject matter jurisdiction would not be appropriate in this case. Accordingly, K.Mizra filed a Motion to Dismiss. Dkt. 17. The motion was denied without prejudice. Dkt. 42. K.Mizra thereafter renewed its Motion to Dismiss as permitted by the Court, Dkt. 49, and that motion is currently pending. The Motion to Dismiss is, as it was when filed, meritorious and well-founded, and K.Mizra disagrees with Netskope's suggestions to the contrary herein.

**2. FACTS**

**Netskope's Statement:**

Plaintiff Netskope was founded in Palo Alto California in 2012, and Netskope has had its principal place of business in the Bay Area ever since. Netskope is a leading network and cloud

security software provider, whose products have won numerous awards, including several awards for "Product of the Year."

Defendant K.Mizra is a company that acquires and monetizes patents. K.Mizra was founded in June 2019, and began acquiring and monetizing patents shortly thereafter. Netskope contends that K.Mizra has regularly directed its monetizing activities at California companies, including with respect to the '705 patent. Dkt. 20 at 2–4.

Over the last several years, K.Mizra has filed numerous lawsuits against major cloud and security technology companies alleging infringement of the '705 patent. In March of 2025, K.Mizra turned to Netskope, sending a letter to Netskope at Netskope's Santa Clara headquarters demanding that Netskope take a license. Dkt. 20-8. The letter specifically asserted that Netskope's Zero Trust Access software "meets all the limitations of several of the '705 Patent's claims" and thus that "Netskope, Inc's activities now need to be regularized." *Id* at 2. It also "included a twenty-page "Notice of Technology Use chart" that was titled "Claim Chart: Contagion isolation and incoluation, US8234705B1 vs Netskope" and that called Netskope "Defendant." *Id.* at 43-44.

Two months after receiving this letter, Netskope filed this Action for declaratory judgment of non-infringement of the '705 patent. Netskope filed this Action because it believes its product does not infringe any claim of the '705 patent, including because Netskope's Zero Trust Access software does not meet the limitation "wherein the valid digitally signed attestation of cleanliness includes at least one of an attestation that the trusted computing base has ascertained that the first host is not infested, and an attestation that the trusted computing base has ascertained the presence of a patch or a patch level associated with a software component on the first host." Dkt. 1, ¶ 35. No negotiations between the Parties had commenced or were ongoing at the time Netskope filed the Complaint in this Action.

On August 13, 2025, Netskope filed an Inter Partes Review challenging claims 1–3, 5–13, and 15–19 of the '705 patent. IPR2025-01115, Paper 1. Netskope contended that its IPR petition demonstrated that the challenged claims are rendered obvious. More specifically, Netskope IPR petition relied on the same prior art that Cisco, Hewlett Packard Enterprise, and Forescout

Technologies used to obtain institution of IPR2021-00593. IPR2021-00593 was terminated pursuant to settlement shortly after the Federal Circuit reversed the Patent Trial and Appeals Board (PTAB)'s erroneous determination that no motivation existed to combine the references cited above. *Cisco Sys., Inc. v. K.Mizra LLC*, No. 2022-2290, 2023-1183, 2024 WL 3841809, at *6 (Fed. Cir. Aug. 16, 2024) ("For the reasons discussed above, we vacate the Board's motivation to combine analysis, which was rooted in legal error and a fact finding unsupported by substantial evidence."). The Patent Office discretionarily declined to institute Netskope's IPR petition on December 18, 2025 without any explanation.

Netskope disagrees with the characterizations in K.Mizra's statement of facts.

**<u>K.Mizra's Statement:</u>**

K.Mizra is a patent licensing company run by experienced management. The company focuses on high value, high quality patents with a global reach. It owns patent portfolios originating with a wide array of inventors, including portfolios developed by well-known multinationals such as IBM, Intel, Rambus, and others, as well as from research institutes such as Nederlandse Organisatie voor Toegepast Natuurwetenschappelijk Onderzock (Netherlands Organization for Applied Scientific Research). By focusing on high-quality patents, K.Mizra provides a secondary market for inventors to recoup their research and development investments and continue their innovations. K.Mizra offers licenses to its patents on reasonable terms and in this way plays an important part in the development of the technologies that improve all our lives.

The patent at issue in this case is a prime example of how that works. The '705 Patent was originally owned by James A. Roskind and Aaron T. Emigh, two highly-respected and prolific inventors who set up a company called Radix Labs, LLC to develop their inventions. Dr. Roskind is the named inventor of over 300 U.S. patents, worked for Netscape as the Chief Architect, and was a co-founder of Infoseek, which was acquired by Disney in the late 1990s. Dr. Roskind is also the inventor of Google's transport protocol that provides the tech giant billions of dollars in value every year. Mr. Emigh is the named inventor of over 140 patents and has founded or co-founded many companies in addition to Radix Labs, including CommerceFlow, Inc., which was acquired

by eBay for its technology that Mr. Emigh helped develop. After the ’705 Patent issued, Dr. Roskind and Mr. Emigh were able to recoup their research and development investment by selling their rights and continued on in their individual technology development pursuits.

K.Mizra ultimately acquired the ’705 Patent and has licensed it to many of Netskope’s competitors. K.Mizra preferred approach, as set forth in the letter it sent to Netskope, is to reach a commercial resolution, and it has successfully done so with many of Netskope’s competitors. K.Mizra is also willing to reevaluate its infringement position on the merits and will consider any non-infringement positions another party may offer. K.Mizra’s approach in this regard is consistent with the strong federal interest in pre-litigation discussion and resolution of potential disputes.

Netskope chose a different path. In March 2025, K.Mizra contacted Netskope to express concerns about its apparent infringement. K.Mizra received no response to this letter. Instead, rather than engaging in the invited discussions with K.Mizra and explaining why it believed it did not infringe so that K.Mizra could consider that information, Netskope filed this Action seeking declaratory judgment of non-infringement. While Netskope did not seek declaratory judgment that the ’705 Patent was invalid in this case, Netskope also sought to invalidate the ’705 Patent in other proceedings by filing a Petition for *Inter Partes* review at the PTAB of the United States Patent and Trademark Office. The Board rejected Netskope’s attempts to multiply the proceedings on December 18, 2025, when it used its discretion to deny the request.

**3. LEGAL ISSUES**

Netskope’s Complaint asserts a single cause of action for declaratory judgment of non-infringement of the ’705 patent. K.Mizra has not yet filed an answer or counterclaims. The central legal issue in this case is thus, at present, whether there is no infringement of the ’705 patent by Netskope’s Zero Trust Access product.

The Parties may identify other legal disputes as the case progresses.

**4. MOTIONS**

K.Mizra moved to dismiss the Complaint contending that the Court lacks personal jurisdiction over K.Mizra and that the Court should use its discretion to decline hearing Netskope’s

declaratory judgment action. Dkt. 17. Netskope opposed, Dkt. 20, and K.Mizra filed a reply in support of its motion to dismiss, Dkt. 28. On September 4, 2025, the Court granted Netskope's motion for leave to conduct jurisdictional discovery, ordered supplemental opposition and reply briefing to be filed on December 12 and December 19, 2025, respectively, and ordered that K.Mizra's motion would be decided without oral argument unless otherwise ordered after the parties had filed their supplemental briefs. Dkt. 29. Thereafter, the parties filed a stipulation extending the deadline for the supplemental brief, which the Court granted on December 4. Dkt. 33. Pursuant to that stipulation, Netskope filed its supplemental opposition brief on January 9, 2026. Dkts. 34, 35-1. K.Mizra's supplemental reply brief was filed on January 16, 2026. Dkt. 39.

Netskope additionally filed an administrative motion to seal certain information in its supplemental opposition brief on January 9, 2026. Dkt. 35. K.Mizra filed a declaration in support of the administrative motion on January 16, 2026. Dkt. 38.

On March 31, 2026, the Court denied K.Mizra's motion to dismiss without prejudice and further ordered that, if the parties were unable to reach an agreement to dismiss the case, K.Mizra could file a notice renewing its motion to dismiss no later than April 30, 2026, which the Court would decide without further briefing or hearing. K.Mizra filed a notice renewing its motion to dismiss on April 29, 2026. Dkt. 49. Accordingly, K.Mizra's renewed motion to dismiss is currently pending before the Court. No other motions are currently pending.

The parties anticipate that, if this action proceeds, other dispositive and non-dispositive motions may arise as the case progresses, including summary judgment motions to narrow issues before trial, but the parties cannot identify those motions with specificity at this time.

**5. AMENDMENT OF PLEADINGS**

No amendments to Netskope's Complaint have been made to date. K.Mizra has not yet filed a responsive pleading in view of the pending motion to dismiss. As to a deadline for amendment of pleadings without cause, the Parties have set forth their proposals in the proposed schedule in Section 15 of this Joint Case Management Statement.

**6. EVIDENCE PRESERVATION**

The Parties certify that they have reviewed the ESI Guidelines and have conferred regarding the preservation of relevant evidence pursuant to Fed. R. Civ. P. 26(f).

**7. DISCLOSURES**

The Parties served initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on September 4, 2025. The Parties will supplement their disclosures under Fed. R. Civ. P. 26(e) as necessary.

**8. DISCOVERY**

**A. Discovery Taken To Date:**

Jurisdictional discovery has been taken by Netskope pursuant to the Court's order on September 4, 2025. Dkt. 29. No other discovery has been taken.

**B. Scope of Anticipated Discovery:**

**Netskope's Statement:**

Netskope, at present, anticipates seeking discovery into K.Mizra's positions in prior litigations regarding the scope and meaning of the claims of the '705 patent, K.Mizra's positions concerning infringement or non-infringement of the '705 patent, including in prior cases, and defenses to infringement of the '705 patent, such as lack of standing and inequitable conduct.

Netskope disagrees with K.Mizra's approach to this case, as described in its statement below. K.Mizra apparently seeks an undefined period of discovery in order to avoid putting forward a disclosure of asserted claims and infringement contentions in the ordinary course of a patent litigation in this District. But K.Mizra explicitly accused Netskope of infringement in pre-suit correspondence, where it provided a twenty-page mapping of a Netskope service (Zero Trust Access) to claim 19 of the '705 patent and called Netskope a "Defendant." K.Mizra has provided no persuasive reason to deviate from the ordinary course under the Patent Local Rules, under which a party claiming patent infringement must serve its infringement contentions 14 days after Initial Case Management Conference, *i.e.*, ordinarily without the benefit of discovery. Moreover, K.Mizra's approach ignores that it would be able to amend its pleadings four months after any order denying its renewed motion to dismiss. At this point, Netskope believes it has unequivocally

demonstrated that this Court has jurisdiction over K.Mizra, that such jurisdiction was never truly in doubt, and that the serial motions to dismiss were merely an effort to waste time. While the Court has not officially denied K.Mizra's latest jurisdictional motion, Netskope believes that can happen anytime and it is merely a formality at this point. K.Mizra's approach suggests it never had any serious basis to accuse Netskope of infringement, making its position all the more troubling. If K.Mizra wishes to stipulate that Netskope does not infringe the '705 patent now, it may do so, but it cannot avoid its burden to put forward its infringement contentions now so that the dispute between the parties may be resolved in an expeditious manner.

**<u>K.Mizra's Statement:</u>**

In this declaratory judgement action for noninfringement and assuming the motion to dismiss is denied, K.Mizra must either file compulsory counterclaims for infringement or be barred from asserting infringement of the same patents against the products specifically identified in the complaint. However, Netskope asserts in its complaint that it does not infringe any claims of the '705 Patent and provides a basis for that position. So as not to waste judicial or party resources and to be certain not to run afoul of Fed. R. Civ. P. 11, K.Mizra will seek discovery from Netskope to either confirm Netskope's noninfringement position, in which case, no counterclaims will be asserted and this case will end, or to confirm there is a reasonable infringement claim to pursue and assert the required counterclaim(s). K.Mizra cannot pursue such discovery at this point as it contests personal jurisdiction and to do so now could negatively impact the pending motion to dismiss for lack of personal jurisdiction.[1]

To the extent the motion to dismiss is denied, K.Mizra anticipates seeking discovery on the operation of Netskope's products, Netskope's non-infringement positions, and any other issues that may be raised by any defense or counterclaim asserted by K.Mizra in any responsive pleading. K.Mizra may also seek discovery in connection with a motion to transfer venue, if the Court determines that it has personal jurisdiction.

---

[1] K.Mizra floated the possibility of informal discovery but Netskope has not expressed interest in that option.

K.Mizra disagrees with Netskope's characterizations. K.Mizra's position indicates only that it is always willing to consider new information, such as the non-infringement argument raised in Netskope's Complaint, and adjust its positions as appropriate based on that new information, as required under Rule 11.

**C. Proposed Limitations or Modifications of the Discovery Rules.**

Should this Action proceed, the Parties propose to follow the default limits in the Federal Rule of Civil Procedure.

**D. Stipulated E-Discovery Protocol and Protective Order**

Should this Action proceed, the Parties will discuss entry of a stipulated e-discovery protocol and protective order. The Parties anticipate filing a stipulated protective order governing the confidentiality of information and any review of source code in this matter, as well as an order governing the discovery of electronically stored information (ESI).

**E. Proposed Discovery Plan**

The Parties discuss scheduling of discovery in more detail in Section 15.

**F. Identified Discovery Disputes**

The Parties have not identified any current discovery disputes.

**9. CLASS ACTIONS**

This is not a class action.

**10. RELATED CASES:**

There are four pending cases before other courts that involve the '705 patent: *K.Mizra LLC v. Google LLC*, No. 1:25-cv-00236 (W.D. Tex.); *K.Mizra LLC v. Amazon.com Inc.*, No. 1:26-CV-00316 (W.D. Tex.); *K.Mizra LLC v. Portnox Security*, No. 1-26-cv-01981-ADA (W.D. Tex.); and *K.Mizra LLC v. Omnissa, LLC*, No. 1:26-cv-01257-MN (D. Del.).

Additionally, the following, now terminated litigations involved the '705 patent.

| Case Heading | Number | Court | Filed |
|---|---|---|---|
| *K.Mizra LLC v. Twingate Inc.* | 26-925 | DDE | July 28, 2026 |

| Case Heading | Number | Court | Filed |
|---|---|---|---|
| *Google LLC v. K.Mizra LLC* | IPR2025-01436 | PTAB | September 19, 2025 |
| *Citrix Systems, Inc. v. K.Mizra LLC* | IPR2025-01468 | PTAB | August 29, 2025 |
| *Netskope, Inc. v. K.Mizra LLC* | IPR2025-01115 | PTAB | August 13, 2025 |
| *K.Mizra LLC v. Citrix Sys., Inc.* | 0:25-cv-60803 | SDFL | April 24, 2025 |
| *K.Mizra LLC v. SonicWall Inc.* | 1-25-cv-00047 | DDE | January 10, 2025 |
| *Hewlett Packard Enterprise Co. v. K.Mizra LLC* | 23-1183 | CAFC | November 23, 2022 |
| *Cisco Systems, Inc. v. K.Mizra LLC* | 22-2290 | CAFC | September 29, 2022 |
| *Forescout Technologies, Inc. v. K.Mizra LLC* | IPR2022-00081 | PTAB | October 22, 2021 |
| *Hewlett Packard Enterprise Co. v. K.Mizra LLC* | IPR2022-00084 | PTAB | October 22, 2021 |
| *K.Mizra LLC v. Hewlett Packard Enterprise Co. et al* | 2-21-cv-00305 | EDTX | August 9, 2021 |
| *K.Mizra LLC v. Fortinet, Inc.* | 2-21-cv-00249 | EDTX | July 8, 2021 |
| *K.Mizra LLC v. Forescout Tech., Inc.* | 2-21-cv-00248 | EDTX | July 8, 2021 |
| *Cisco Systems, Inc. v. K.Mizra LLC* | IPR2021-00593 | PTAB | March 15, 2021 |
| *K.Mizra LLC v. Cisco Systems, Inc.* | 6-20-cv-01031 | WDTX | November 6, 2020 |
| *Network Security Technologies, LLC v. Bradford Networks, Inc.* | 1-17-cv-01487 | DDE | October 24, 2017 |
| *Network Security Technologies, LLC v. ForeScout Technologies, Inc.* | 1-17-cv-01488 | DDE | October 24, 2017 |
| *Network Security Technologies, LLC v. McAfee, Inc.* | 1-17-cv-01489 | DDE | October 24, 2017 |
| *Network Security Technologies, LLC v. Pulse Secure, LLC* | 1-17-cv-01490 | DDE | October 24, 2017 |

## 11. RELIEF

Netskope seeks a declaration that it has not and does not infringe, whether directly or indirectly, literally or under the doctrine of equivalents, any claim of the ’705 patent. Netskope also

seeks a declaration that this case is exceptional under 35 U.S.C. § 285 and that the Court award Netskope its fees, costs, and expenses in this Action. Netskope further seeks any and all other relief that it may be entitled to and that the Court may deem just, equitable, and proper.

K.Mizra has not filed a responsive pleading, and so has not yet alleged any claims for relief.

**12. SETTLEMENT AND ADR**

There have been no formal ADR efforts to date, but the Parties have conferred pursuant to ADR L.R. 3-5 and filed their ADR Certification by Parties and Counsel on August 20, 2025. Although the Parties have not yet agreed on a specific form of ADR, the Parties appeared amenable to mediation during the conferral.

The Parties agree that this Action is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**13. NARROWING OF ISSUES**

Should this Action proceed, the Parties expect to work together in good faith to narrow the issues for trial as appropriate but have not yet identified any issues that can be narrowed by agreement.

**14. SCHEDULING**

Should this Action proceed, the Parties generally agree that the timing in the Patent Local Rules should govern this case, but have been unable to agree on certain dates with respect to a proposed schedule. The Parties have thus set forth competing proposals below, which note the areas of agreement and disagreement. The central dispute relates to what event should govern the commencement of deadlines under the Local Patent Rules.

**<u>Netskope's Statement:</u>**

As noted above, given the overwhelming contacts Netskope demonstrated through jurisdictional discovery, Netskope believes that K.Mizra's renewed motion to dismiss based on lack of personal jurisdiction is nothing more than an effort at delay. The fully-briefed motion is ready for a determination, and Netskope believes that once this Court turns to it, it will be

resoundingly denied. The fact the motion is pending is a formality that can be corrected at any time. That context sets the stage for the remainder of the scheduling considerations in Netskope's view.

Netskope proposes that, if the Parties do not reach agreement to dismiss this action and K.Mizra's renewed motion is denied, the deadlines under the Local Patent Rules should commence promptly at that point. Under Netskope's proposal, K.Mizra's disclosure of asserted claims and infringement contentions would be due 14 days after the Court's case management conference in accordance with the Patent Local Rules.

K.Mizra appears to propose that, even if the Action goes forward, it should be entitled to seek discovery from Netskope to either confirm Netskope's noninfringement position or to confirm there is a reasonable infringement claim to pursue before filing a responsive pleading. Under K.Mizra's proposal, the case schedule would only commence with the filing of K.Mizra's responsive pleading. Netskope disagrees with K.Mizra's approach. K.Mizra explicitly accused Netskope of infringement in pre-suit correspondence, where it provided a twenty-page mapping of a Netskope service (Zero Trust Access) to claim 19 of the '705 patent and called Netskope a "Defendant." K.Mizra has provided no persuasive reason to deviate from the ordinary course under the Patent Local Rules, under which a party claiming patent infringement must serve its infringement contentions 14 days after Initial Case Management Conference, *i.e.*, ordinarily without the benefit of discovery. Moreover, K.Mizra's approach ignores that it would be able to amend its pleadings four months after the denial of its renewed motion to dismiss.

K.Mizra specifically states below that "K.Mizra's proposal also avoids the senseless scenario of requiring infringement contentions in the absence of any affirmative claim for infringement." But the Patent Local Rules do not condition infringement contentions on the presence of an affirmative claim for infringement when there is a declaratory judgment of non-infringement (*see* P.L.R. 3-5(a)), and K.Mizra's argument also ignores that it bears the burden of proof to show infringement in opposition to Netskope's declaratory judgment claim of non-infringement. *See, e.g.*, *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191, 199 (2014) ("[I]n a [] declaratory judgment action, the burden of proving infringement should remain

with the patentee."). Moreover, the cases to which K.Mizra cites (*Pac. Sci.* and *Vivid Techs.*) deal with amendment of a pleading to assert a counterclaim of infringement after the deadline for amending pleadings has passed. These cases are irrelevant here, where the deadline for amendment of pleadings would be set four months after the denial of its renewed motion to dismiss.

K.Mizra otherwise points to two default deadlines in the Patent Local Rules (invalidity contentions and damages contentions) to contend the schedule in those rules "makes no sense" here. But, again, the deadlines in the Patent Local Rules for infringement contentions (as well as claim construction) are not conditioned upon the assertion of an affirmative claim of patent infringement. When Netskope proposed the schedule below, it assumed that K.Mizra had a Rule 11 basis for its infringement allegations and thus would assert a compulsory counterclaim of infringement with its responsive pleading, but K.Mizra now suggests it has no Rule 11 basis and thus may not submit such a counterclaim at the time its responsive pleading would be due if the action proceeds. Thus, to the extent K.Mizra confirms to this Court that it will not assert an affirmative claim of infringement before the deadlines related to invalidity contentions and damages contentions, these deadlines can be removed from the present case schedule, and the Parties can submit a supplemental case schedule to include them upon any assertion of a counterclaim of infringement by K.Mizra. K.Mizra, however, should not be able to avoid putting forward infringement contentions as required by the Patent Local Rules.

K.Mizra's alternative proposal to delay its responsive pleading for an indefinite period of time so that it can conduct discovery of Netskope, with infringement contentions to follow 14 days after its pleading, not only ignores the deadline set forth in Fed. R. Civ. P. 12(a)(4)(A), but it is also another attempt by K.Mizra to put the burden on Netskope to show non-infringement—even though it is K.Mizra's burden to show infringement at all stages of these proceedings—and to obtain discovery without apparently having a Rule 11 basis to allege infringement.

**<u>K.Mizra's Statement:</u>**

K.Mizra proposes a schedule that is appropriate for the circumstances of this case. Here, rather than discussing its non-infringement position with K.Mizra so that K.Mizra could have

considered it, Netskope chose to run to court without providing K.Mizra with that opportunity. Moreover, Netskope's Complaint indicates that it has a non-infringement position because "Netskope's ZTNA is used during device identification and enrollment and does not provide a 'digitally signed attestation of cleanliness.'" (Dkt. 1 ¶ 35.) Although this statement is somewhat ambiguous, it suggests that Netskope believes that K.Mizra has misunderstood the operation of this product in some significant manner. And this statement is now something K.Mizra must consider under Rule 11 (and therefore under the threat of sanctions) before it can allege a counterclaim of infringement.

Accordingly, under these circumstances the better course of action is to allow K.Mizra to investigate, understand, and confirm this non-infringement position in the first instance. If K.Mizra investigates the operation of Netskope's ZTNA product and confirms Netskope's non-infringement position, then this case will end without the parties being required to spend significant resources on infringement and invalidity contentions, damages issues, and claim construction that ends up being wasted. Otherwise, K.Mizra will assert its counterclaim (well within the period to amend pleadings proposed by the parties) and the case will proceed in accordance with the local rules.

K.Mizra's proposal also avoids the senseless scenario of requiring infringement contentions in the absence of any affirmative claim for infringement.[2] Indeed, courts have recognized that it may be appropriate in the declaratory judgment context to allow a defendant to conduct technical discovery before alleging an infringement counterclaim. *See, e.g., Pac. Sci. Energetic Materials Co. LLC v. Ensign-Bickford Aero. & Def. Co.*, 281 F.R.D. 358, 363 (D. Ariz. 2012). Moreover, the Federal Circuit has held that a compulsory counterclaim for patent infringement "ordinarily should not be refused entry" even if not asserted in the original responsive pleading. *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 802 (Fed. Cir. 1999).

---

[2] Local Patent Rule 3-1 only requires infringement contentions for "a party claiming patent infringement." Local Patent Rule 3-5 addresses declaratory judgment claims for invalidity, which has not been asserted here. But the circumstances here support K.Mizra's proposal even if the Local Patent Rules unambiguously required infringement contentions as a general matter in declaratory judgment actions.

Notably, the schedule proposed by the Parties makes no sense in the absence of an infringement counterclaim. By way of example, invalidity is not part of Netskope's declaratory judgment claim; rather, the invalidity contentions deadline assumes it will be asserted as a defense to an infringement counterclaim. Similarly, Netskope cannot seek any damages through its affirmative claim; here, too, those deadlines assume the filing of an infringement counterclaim under which K.Mizra may seek damages. Under Netskope's proposal, if K.Mizra files its infringement counterclaim later in the case, there is a significant risk that the entire schedule will need to be redone.

Finally, although Netskope previously proposed basing its dates on the denial of the motion to dismiss, *see, e.g.,* Dkt. 36, it now seeks to force K.Mizra to defend the case before the Court rules on whether personal jurisdiction is proper here. The Court should reject this effort. *Accord. PCT Litig. Trust v. Sun*, No. 23-11161 (JKS), 2026 Bankr. LEXIS 763, at *17 (D. Del. Bankr. Mar. 30, 2026) ("Parties have a right not to litigate in a forum where the Court lacks personal jurisdiction over them and until that determination is made, full discovery undermines due process considerations.").

For these reasons, and in the specific circumstances presented by this case, K.Mizra submits that its proposal should be adopted. Alternatively, the Court could extend the deadline for K.Mizra to file its responsive pleading until K.Mizra has had an opportunity to investigate Netskope's noninfringement defense (for example, until 60 days after the Court rules on the motion to dismiss), with Infringement Contentions due 14 days after the filing of that responsive pleading. K.Mizra will be prepared to further address these proposals at the Case Management Conference.

**<u>Proposed Schedules:</u>**

| Deadline | Netskope's Proposed Dates | K.Mizra's Proposed Dates |
|---|---|---|
| Initial Disclosures | September 4, 2025 | |
| Initial Case Management Conference | November 19, 2026 at 10:00 AM | |

| Deadline | Netskope's Proposed Dates | K.Mizra's Proposed Dates |
|---|---|---|
| Patent L.R. 3-1 & 3-2 Disclosure of Asserted Claims and Infringement Contentions and Document Production Accompanying Disclosure | 14 days after the Initial Case Management Conference | 60 days after K.Mizra files its responsive pleading |
| Patent L.R. 3-3 & 3-4 Disclosure of Invalidity Contentions and Document Production Accompanying Invalidity Contentions | 60 days after the Initial Case Management Conference | 45 days after service of K.Mizra's Infringement Contentions |
| Patent L.R. 4-1 Exchange of Proposed Terms for Construction | 74 days after the Initial Case Management Conference | 14 days after service of Invalidity Contentions |
| Patent L.R. 4-2 Exchange of Preliminary Claim Constructions and Extrinsic Evidence | 95 days after the Initial Case Management Conference | 21 days after exchange of proposed terms |
| Patent L.R. 3-8 Damages Contentions | 110 days after the Initial Case Management Conference | 50 days after service of Invalidity Contentions |
| Patent L.R. 4-3 Joint Claim Construction and Prehearing Statement and Expert Reports | 120 days after the Initial Case Management Conference | 60 days after service of Invalidity Contentions |
| Deadline to Amend Pleadings | 4 months after the Initial Case Management Conference | 4 months after the later of July 2, 2026, or denial of the motion to dismiss |
| Patent L.R. 3-9 Responsive Damages Contentions | 140 days after the Initial Case Management Conference | 30 days after Damages Contentions |
| Patent L.R. 4-4 Completion of Claim Construction Discovery | 150 days after the Initial Case Management Conference | 30 days after filing of Joint Claim Construction Statement |
| Patent L.R. 4-5(a) Opening Claim Construction Brief | 165 days after the Initial Case Management Conference | 45 days after filing of Joint Claim Construction Statement |

| Deadline | Netskope's Proposed Dates | K.Mizra's Proposed Dates |
|---|---|---|
| Patent L.R. 4-5(b) Responsive Claim Construction Brief | 179 days after the Initial Case Management Conference | 14 days after deadline for Opening Claim Construction Brief |
| Patent L.R. 4-5(c) Reply Claim Construction Brief | 186 days after the Initial Case Management Conference | 7 days after deadline for Responsive Claim Construction Brief |
| Patent L.R. 3-10 Damages Contentions Meeting and Certification Thereof | 200 days after the Initial Case Management Conference | 60 days after Responsive Damages Contentions |
| Patent L.R. 4-6 Claim Construction Hearing | Subject to the convenience of the Court,<br>200 days after the Initial Case Management Conference | Subject to the convenience of the Court,<br>two weeks following submission of Responsive Claim Construction Brief |
| Patent L.R. 3-7 Advice of Counsel | 30 days after service by Court of its Claim Construction Ruling | |
| Close of Fact Discovery | 6 months after service by Court of its Claim Construction Ruling | |
| Opening Expert Reports (on issues which a party bears the burden) | 1 month after close of fact discovery | |
| Responsive Expert Reports | 1 month after opening expert reports | |
| Close of Expert Discovery | 2 weeks after responsive expert reports | |
| Summary Judgment Motion Deadline | 1 month after close of expert discovery | |
| Daubert Motion Deadline | 1 month after summary judgment deadline | |
| Pre-Trial Conference | Subject to Court's convenience, 90 days after Daubert motion deadline | |
| Trial | Subject to Court's convenience, 30 days after Pre-Trial Conference | |

Additionally, the Parties understand they will have to comply with the deadlines specified in the Guidelines for Final Pretrial Conference in Civil Jury Cases before Chief District Judge Richard Seeborg.

**15. TRIAL**

Should this Action proceed, the Parties anticipate at this time a jury trial on all issues triable to a jury, and estimate that that trial would take approximately five days of trial time. The Parties' estimate of trial time may need to be revised as the case develops.

**16. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. Dkts. 5, 19. The content of these filings is provided below pursuant to the Standing Order for All Judges of the Northern District of California (Nov. 30, 2023).

**Netskope:** Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date [June 6, 2025], there is no such interest to report.

**K.Mizra:** Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date [August 1, 2025], there is no conflict or interest (other than the named parties) to report.

**17. PROFESSIONAL CONDUCT**

All attorneys of record for the Parties have reviewed the *Guidelines for Professional Conduct for the Northern District of California*.

**18. OTHER MATTERS**

The parties agree to service of non-filed papers by electronic means pursuant to Fed. R. Civ. P. 5(b)(2)(E). More specifically, the parties agree to use the following email addresses to accomplish service of such papers:

- For Netskope, Inc: legaltm-netskopekmizra@sheppard.com
- For K.Mizra, LLC: KMizra-Netskope_Lit@sheridanross.com

The Parties are currently unaware of any other matters that may facilitate the disposition of this dispute.

DATED: November 13, 2026

*/s/ Joseph P. Reid*
Thomas N. Millikan, Bar No. 234430
TMillikan@sheppard.com
Joseph P. Reid, Bar No. 211082
JPReid@sheppard.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: 858.720.8900
Facsimile: 858.509.3691

Andrew N. Klein, Bar No. 300221
AKlein@sheppard.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
1540 El Camino Real, Suite 120
Menlo Park, CA 94025
Telephone: 650.815.2600
Facsimile: 650.815.2601

Kevin A. Zeck (admitted *pro hac vice*)
KZeck@sheppard.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Ave., NW, Ste. 100
Washington, D.C. 20006
Telephone: 202.747.1900
Facsimile: 202.747.1901

*Attorneys for Plaintiff* Netskope, Inc.

*/s/ Brian Boerman*
Robert R. Brunelli (admitted *pro hac vice*)
Brian Boerman (admitted *pro hac vice)*
Matthew C. Holohan (SBN 239040)
SHERIDAN ROSS PC
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone: (303) 863-2961
Facsimile: (303) 863-0223
rbrunelli@sheridanross.com
bboerman@sheridanross.com
mholohan@sheridanross.com
litigation@sheridanross.com

Denise M. De Mory (SBN 168076)
Michael Flynn-O'Brien (SBN 291301)
Eric Carr (SBN 333128)
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA 94063
Telephone: (650) 351-7248
Facsimile: (415) 426-4744
ddemory@bdiplaw.com
mflynnobrien@bdiplaw.com
ecarr@bdiplaw.com

*Attorneys for Defendant* K.Mizra LLC

**FILER'S ATTESTATION**

Pursuant to Local Rule 5-1(i)(3) of the Northern District of California, regarding signatures, I, Joseph P. Reid, attest that concurrence in the filing of this documet has been obtained

*/s/ Joseph P. Reid*
Joseph P. Reid