United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NETSKOPE, INC.,
Plaintiff,

v.

K.MIZRA LLC,
Defendant.

Case No. 25-cv-04833-RS

**ORDER DENYING MOTION TO DISMISS**

Plaintiff Netskope, Inc. brought this action for declaratory relief seeking an adjudication that it does not infringe U.S. Patent No. 8,234,705, assigned to defendant K.Mizra LLC. Netskope alleges K.Mizra is a "a non-practicing entity that neither innovates, makes, nor sells products" that instead operates under a business model "to purchase patents with limited commercial value, [and] then threaten innovative companies with patent litigation to extract royalties."

K.Mizra describes itself as "a patent licensing company run by experienced management," that focuses on "high value, high quality patents with a global reach." K.Mizra asserts its patent portfolios originate from a wide array of inventors, including well-known multinationals and research institutes. K.Mizra contends it provides a secondary market for inventors to recoup their research and development investments and continue their innovations.

Netskope asserts K.Mizra threatened it —a "resident of California and this District"—with suit for patent infringement by a letter sent to Netskope's Santa Clara, California address. Netskope further alleges K.Mizra has "repeatedly directed patent enforcement and licensing

activities toward companies based in this District," and has brought one infringement action in California, *K.Mizra LLC v. Epson Am., Inc.*, No. 8:25-cv-00027 (C.D. Cal. Jan. 7, 2025). That action did not involve the '705 patent, however.

K.Mizra moves to dismiss this action on two grounds. First, K.Mizra contends it is not subject to personal jurisdiction in California merely because it sent the letter to Netskope and has engaged other California companies in licensing negotiations regarding various patents. Second, K.Mizra argues the court should decline to exercise declaratory relief jurisdiction because accepting jurisdiction "would promote the premature filing of declaratory judgment actions and reduce the incentive for potential infringers to communicate with patentees before filing suit." *Impax Laboratories, Inc. v. Medicis Pharm. Corp.,*, 2008 WL 1767044, at *4 (N.D. Cal. Apr. 16, 2008).

Netskope was previously granted leave to conduct jurisdictional discovery. The materials revealed in that process, however, were largely cumulative to the parties' existing arguments. Because the parties appeared to be jockeying for perceived procedural advantage, without due regard for judicial efficiency, they were directed to meet and confer about possibly reaching agreement as to whether proceeding with litigation was an appropriate course of action at the present time.

K.Mizra subsequently reported the parties had not been able to arrive at consensus, and renewed its motion to dismiss. The motion will be denied. First, K.Mizra is subject to specific personal jurisdiction in this district. "[C]ommunications sent into a state may create specific personal jurisdiction, depending on the nature and scope of such communications," and, "in the context of patent litigation, communications threatening suit or proposing settlement or patent licenses can be sufficient to establish personal jurisdiction." *Trimble Inc. v. PerDiemCo LLC*, 997 F.3d 1147, 1155 (Fed. Cir. 2021). Although the extent of K.Mizra's communications and enforcement activities related to the '705 patent in California is somewhat less than that found to support jurisdiction in *Trimble*, it is sufficient. *See also*, *Lyft, Inc. v. Quartz Auto Techs. LLC*, 2021 WL 6618867, at *2 (N.D. Cal. Sept. 7, 2021).

United States District Court
Northern District of California

Because K.Mizra "purposefully has directed [its] activities at forum residents," it must, to defeat jurisdiction, "present a *compelling case* that the presence of some other considerations would render jurisdiction unreasonable." *Trimble,* 997 F.3d at 1153 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)) (emphasis in *Trimble*). The Supreme Court has recognized five factors to consider when making this determination: "(1) the burden on the defendant; (2) the forum's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the states in furthering fundamental substantive social policies." *M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.*, 890 F.3d 995, 1002 (Fed. Cir. 2018) (citing *Burger* King, 471 U.S. at 477). Here, the second through fifth factors are neutral. The issue is whether litigating here presents an undue burden to K.Mizra.

The burden to litigate in California "is, at most, only slightly greater than litigating in [K.Mizra's] preferred fora." *Trimble*, 997 F.3d at 1158. In addition, any such burden is mitigated by the nature of K.Mizra's "primary business of asserting its patents," which "requires it to litigate far from" its offices. *Id.* K.Mizra has failed to present a compelling case that exercising jurisdiction would be unreasonable.

K.Mizra's alternative request that the court exercise its discretion to decline to exercise jurisdiction over Netskope's declaratory relief claim is denied. *See Lyft,* 2021 WL 6618867, at *3. The initial case management conference is continued to January 7, 2027.

**IT IS SO ORDERED**.

Dated: November 16, 2026

RICHARD SEEBORG
United States District Judge